### In re RHODES.

#### (District Court, W. D. Pennsylvania. November 5, 1900.)

#### No. 81.

BANKRUPTCY—TIME FOR PROVING CLAIMS.

> A creditor of a bankrupt cannot prove his claim after the expiration of the year to which such proof is limited by Bankr. Act 1898, § 57n, because during such time he was asserting and litigating the validity of a preference which precluded him from making his proof.

In Bankruptcy.

W. W. Wishart, for claimant.

BUFFINGTON, District Judge. In this case the adjudication took place December 20, 1898. The debt was not proven until March 9, 1900. The referee rejected such claim. Two grounds are now urged in support of his ruling: First, that the claim was not proved within a year of adjudication; second, that the claimant did not surrender his preference. Section 57n of the bankrupt act provides, "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication." This was not done, and not only so, but the creditor then occupied a position where he could not prove his claim; for he was asserting and litigating a hostile claim, based on an alleged lawful preference. Such adverse claim

of preference cannot be regarded as the equivalent of a proof of claim. The forms provided show a regular proof is contemplated, the time limit shows the purpose of congress to secure a speedy closing of estates, and the act provides an opportunity for creditors to object on such regular proof being made, and a hearing of such objections. The claimant in this case voluntarily placed himself in a relation to the estate in which he could not prove his claim within the year. The referee rightly rejected his subsequently proved claim. To have done otherwise would have ignored the express time limit of the act.