## In re LEIBOWITZ.

(District Court, N. D. Texas. April 30, 1901.)

No. 33.

BANKRUPTCY—TIME FOR PROVING CLAIMS.

Bankr. Act 1898, § 63, cl. 5, which permits provable debts reduced to judgments after the filing of the petition, and before the consideration of the bankrupt's application for a discharge, to be proved against the estate, does not enlarge the time for proving such debts beyond the year to which such proof is limited by section 57, cl. "n"; nor is the time extended because during such time the creditor was asserting and litigating the validity of a preference, which precluded him from making proof.

In Bankruptcy. On certificate of referee in relation to disallowance of claims.

Henry & Stribling, for First Nat. Bank and others.
J. Felton Lane, for trustee John D. White.

MEEK, District Judge. An involuntary petition in bankruptcy was filed against M. Leibowitz on December 9, 1898. He was duly adjudged a bankrupt on the 10th day of May, 1899. The action of the bankrupt in permitting the claimants, the First National Bank of Hearne, Tex., Kosches & Unger, and Mrs. Bettie Kosches, to obtain and maintain a preference through legal proceedings, caused the filing of the involuntary petition. Litigation between the trustee of the bankrupt estate and claimants for the funds arising out of the proceedings instituted by claimants, and held by the clerk of the county court of Robertson county, continued until the 18th day of December, 1900. The cases were carried to the court of last resort in Texas, and resulted favorably to the trustee of the bankrupt estate. The claimants were given their judgment against the bankrupt, but the trustee was awarded the funds as a part of the estate of the bankrupt, to be distributed among the creditors. The claimants on the 11th day of February, 1901, sought to prove up their claims before the referee, and an order was entered disallowing the same. The bankrupt has not filed application for his discharge. Under the foregoing state of facts, claimants contend they are entitled to have their claims allowed at any time before the consideration of the bankrupt's application for a discharge. This right is claimed by them under the provision of section 63 (5) of the bankruptcy act. This provision of the law simply declares one character of debts which may be proved against the estate of a bankrupt, and does not alter or control the time in which such debts may be presented for proof and allowance. Section 57n of the act is controlling as to the time within which claims must be presented for proof, and claimants not having brought themselves within the time limit there prescribed must fail. The referee was right in rejecting their claims because they were not filed within one year after the adjudication in bankruptcy. See In re Rhodes, 5 Am. Bankr. R. 197, 105 Fed. 231.