### In re KEMPER.

(District Court, N. D. Iowa, W. D. December 4, 1905.)

BANKRUPTCY—PROOF OF CLAIMS—LIMITATION.

> Under the provision of Bankr. Act July, 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], that claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, a creditor who received a voidable preference which was subsequently recovered in a suit by the trustee, cannot prove a claim therefor after the expiration of one year from the adjudication, either as an original claim or by way of amendment to a prior claim proved and allowed within the time limited.

In Bankruptcy. On objection of trustee to claim of the State Bank of Rock Valley against the bankrupt estate.

J. M. Parsons and G. Klay, for claimant.
Milchrist & Scott, for trustee.

REED, District Judge. Aleiko J. Kemper was adjudged bankrupt in December, 1903, and within the four months immediately prior thereto, he paid to the claimant, the State Bank of Rock Valley, some $2,200 upon a debt he was owing to that bank, which payment the

trustee after his appointment claimed was a preference in violation of the bankruptcy act, and he endeavored to have the bank surrender it because thereof, which it refused to do. Within a few weeks after the adjudication in bankruptcy the bank filed and proved a claim against the estate for more than $7,000, after allowing the credit of $2,200 so paid to it by the bankrupt, without surrendering said alleged preference, which claim was duly allowed by the referee. The trustee afterwards brought action against the bank to recover said preference, and upon the trial of said action he recovered judgment against the bank June 7, 1905, for the amount thereof, viz., some $2,200, with interest and costs. The bank thereupon paid the amount of such judgment to the trustee, and has presented its petition for leave to amend the proof of its prior claim by adding thereto the amount of the judgment so paid to the trustee. The trustee objects to the allowance of the amendment, and of the claim for the amount of such judgment, upon the grounds (1) that the bank acted in bad faith in accepting the preference, and in retaining it until it was deprived thereof by the judgment of the court; and (2) that the claim for this amount was not filed or proved within a year from the date of the adjudication.

Counsel for the bank rely largely upon Keppel v. Tiffin Savings Bank, 197 U. S. 357, 25 Sup. Ct. 443, 49 L. Ed. 790. The question of limitations was not certified to or determined by the Supreme Court in that case. The only question determined is:

"That a creditor who has received a merely voidable preference, and retains the same in good faith until deprived thereof by the judgment of a court upon the suit of the trustee, may thereafter prove the debt so voidably preferred, upon the surrender of the preference."

Upon the trial of the action of the trustee against the claimant bank there was testimony tending to show that the bank did not act in good faith in accepting and retaining the preference of which it was deprived by the judgment in that case. Whether or not this, if so proved, would distinguish the case from Keppel v. Tiffin Savings Bank need not be determined, for section 57n of the bankruptcy act of July 1, 1898 (30 Stat. 561, c. 541 [U. S. Comp. St. 1901, p. 3444]), provides that:

"Claims shall not be proved against the bankrupt estate subsequent to one year after the adjudication."

There is no exception to this prohibition, except that contained in the subsequent part of the section, and no fact in this case brings it within such exception.

Hutchinson v. Otis, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179, is relied upon as authorizing the amendment of the claim in this case. In that case Otis & Co. had made proof of their claims against the bankrupt estate within the year after the adjudication, but it was defective. By agreement with the trustee they had permission to withdraw the proof to correct it, which was done, and the same claim was proven in proper form and filed two days after the expiration of the year. It was the same cause of action or claim in the amended form as originally proved, and it was held that it was not barred by

section 57n, especially in view of the agreement for the withdrawal of the defective proof to be amended. The principle that an amendment of a cause of action defectively stated in the original petition or declaration relates back to the time of the filing of the original petition or statement, was applied in that case.

The principle applicable in such case is stated in Railway Company v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, and Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70, and the cases there cited. In the latter-named case, the Court of Appeals for this circuit states the rule as follows:

"An amendment to a petition which sets up no new cause of action or claim, and makes no new demand, but simply varies or expands the allegations in support of the cause of action already propounded, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. But an amendment which introduces a new or different cause of action, and makes a new or different demand, not before introduced or made in the pending suit, does not relate back to the beginning of the action, so as to stop the running of the statute, but is the equivalent of a fresh suit upon a new cause of action, and the statute continues to run until the amendment is filed."

See, also, Box v. Railway Company, 107 Iowa, 661, 78 N. W. 694.

Hutchinson v. Otis is not, therefore, authority for the addition by way of amendment of a distinct and separate claim barred by the statute of limitations to one not so barred and proved and allowed in due time, in order to save the barred claim from the operation of the statute.

The prohibition declared by section 57n is explicit and it cannot be made plainer by any attempt to interpret its meaning. The purpose of the bankruptcy act is to effect a speedy distribution of the assets of the bankrupt among his creditors, and settlement of the estate. Congress must have foreseen that litigation would result from payments or transfers of property declared voidable as preferences by the bankruptcy act, and if it had intended that creditors who had received such preferences and were subsequently deprived thereof by the judgment of a court upon the suit of the trustee might prove the claim against the bankrupt estate for the amount so recovered from them on account of such preferences, and that such claim should be excepted from the operation of section 57n, it could have included them with the other exceptions thereto. It did not do so, and it is not within the province of the court to engraft such a provision and exception upon this section. The period of limitation begins to run from the date of the adjudication of bankruptcy, and as the claim of the bank brought forward by the proposed amendment to its claim proved and allowed against the bankrupt estate was not so brought forward within the year following the date of the adjudication, it must be, and is, denied.

It is ordered accordingly.