### POWELL v. LEAVITT.

#### In re NOEL.

(Circuit Court of Appeals, First Circuit. January 24, 1907.)

#### No. 652.

1. BANKRUPTCY—CLAIM—LIQUIDATION—LITIGATION—STATUTES—CONSTRUCTION.
   Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], provides that claims shall not be proved against a bankrupt's estate subsequent to one year after the adjudication; or, if they are liquidated by litigation and final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days after the rendition of such judgment. *Held*, that such section should be construed to mean that, if a final judgment be entered within 30 days before the expiration of the time specified or at any time thereafter, the claim might be proved within 60 days after the rendition of the judgment.

2. SAME—"LIQUIDATION BY LITIGATION."
   Where a claim secured by a mortgage on a bankrupt's stock in trade was attacked by the trustee as a preference, whereupon the creditor sued in a state court to establish the validity of the mortgage, in which action the mortgage was held to be invalid as a preference, the creditor's claim was thereby "liquidated by litigation," and provable as an unsecured claim within 60 days after the rendition of the judgment in the state court, as provided by Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

Appeal from the District Court of the United States for the District of New Hampshire.

For opinion below, see 144 Fed. 439.

Max L. Powell (Powell & Powell, on the brief), for appellant. Thomas F. Johnson, for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. On April 8 and on May 24, 1904, Noel, being then insolvent, mortgaged his stock in trade to Powell as security for his promissory notes. On June 21, 1904, Noel was adjudged a bankrupt, and in due time thereafter Leavitt was appointed his trustee. On August 18, 1904, Powell consented in writing to a sale of the mortgaged property by the trustee; "it being understood that the funds received by him for the same shall be deposited by him under the orders of the said court of bankruptcy to await the final adjudication of the rights of the various parties interested therein." Thereafter, Powell brought an action in the state court against the trustee to establish the validity of the mortgage. In October, 1905,, the court found that the mortgage was a preference invalid under the bankrupt act, and rendered a verdict for the defendant. On November 10, 1905, Powell offered his proof of debt in due form to the referee. The trustee objected to the proof, and the referee rejected it, relying upon section 57n of the bankrupt act. Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]. Upon a question certified by the referee to the District Court, the learned judge, for the reason above mentioned, affirmed the decision of the referee rejecting the proof. From the decision of the District Court the petitioner has appealed to this court. Section 57n of the bankrupt act, so far as it is material to this case, reads as follows:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

It has been suggested that, in order to bring a claim within the exception, final judgment in the litigation must be rendered within 30 days of the expiration of the year, either before or after. In re Keyes (no opinion), decided in the District Court for the District of Massachusetts, November 8, 1906. If we depended altogether upon the grammatical construction of the sentence, and disregarded altogether the nature of the injustice against which the exception was intended to guard, this construction might not be unreasonable. But to limit to 30 or to 60 days the time during which litigation will suspend the operation of the statute of limitations, and to exclude from proof claims liquidated by litigation 14 or 15 months after adjudication, is to establish a serious distinction with only a fantastic difference. That a creditor whose claim was in litigation might, by an unqualified statute of limitations, be deprived of his just share of the bankrupt's estate, was the "mischief felt," the "occasion and necessity" of the exception. To save the rights of such a creditor was "the object and the remedy in view," and the intention of the Legislature is to be ascertained accordingly. 1 Kent, Com. 462; 1 Plow. 205; Potter's Dwarris, 194. We therefore interpret the exception as if it read:

"If the final judgment therein is rendered within thirty days before the expiration of such time, or at any time thereafter."

We have to determine if the proceeding here had in the state court was a liquidation by litigation of the creditor's claim within the meaning of the bankrupt act.

This is the creditor's contention. The trustee, on the other hand, contends that the exception in clause "n" refers only to a suit brought under section 63b (30 Stat. 563, c. 541 [U. S. Comp. St. 1901, p. 3447]) to fix the face value of a claim due from the bankrupt's estate, which otherwise by reason of its indefinite amount would not be provable. Upon a consideration of the clause already quoted, as its meaning is illustrated by the whole bankrupt act, we agree with the contention of the creditor. In Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, the Supreme Court decided that the enforced surrender of a preference by a creditor did not necessarily deprive him of his right to prove thereafter. In that case formal proof was offered within a year of the adjudication; but the court expressly repudiated that construction of the law which would hold that the creditor's "right to prove (his) lawful claims against the bankrupt estate was forfeited simply because of the election to put the trustee to proof in a court of the existence of the facts made essential by the law to an invalidation of the preference." On the contrary, it held that "whenever the preference has been abandoned or yielded up, and thereby the danger of inequality has been prevented, such creditor is entitled to stand on an equal footing with other creditors and prove his claims." Pages 363, 364 of 197 U. S., pages 445, 446 of 25 Sup. Ct. (49 L. Ed. 790). The phrase "liquidated by litigation" is general, and the object of the exception which is made to the statutory limit of time is plainly to allow the proof of a claim after the expiration of a year by a creditor who during that time was engaged in litigation with the bankrupt's estate concerning its liability to him. In a sense the debt evidenced by the promissory notes held by Powell had already been liquidated. Apart from bankruptcy proceedings, Powell could have sued Noel at law for their face value. It may be that, pending the litigation, he could have proved his claim in bankruptcy as a secured claim, leaving his proof to be amended, in case his mortgage was avoided. Hutchinson v. Otis, 115 Fed. 937, 941, 53 C. C. A. 419; on appeal, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179. But to prove during litigation a claim which cannot be allowed unless the creditor fails in the litigation is but an empty formality. If the security is as large as the debt, it is a formality which can hardly be accomplished under the rules and with the forms which have been provided. Notice of the claim is given in effect by the litigation, and, if the preferred creditor is not to be deprived of his proof altogether, there seems no good reason why he should not offer it immediately after the litigation is ended. The substantial amount of Powell's claim, the amount for which he could seek allowance and upon which he could demand a dividend, here remained uncertain until the validity of the mortgage had been settled. To hold that Powell's claim was "liquidated by litigation" in the proceeding which, for some purposes, determined the amount for which it should be allowed, is not, we think, a forced con-

struction of the language of the act. It is rather that "honest and practical interpretation" which we declared should be applied to statutes in bankruptcy. Beatty v. Andersen Coal Min. Co. (C. C. A.) 150 Fed. 293.

We are aware that the contrary has been held by several District Courts. In re Rhodes, 105 Fed. 231; In re Leibowitz, 108 Fed. 617; In re Kemper, 142 Fed. 210; In re Keyes, above cited. In the Rhodes Case the reasoning is opposed to that of Keppel v. Tiffin Savings Bank, and in the Keyes Case the decision was based upon that construction of the 30 days' limit which we have already held to be erroneous. In Hutchinson v. Otis, 115 Fed. 937, 942, 53 C. C. A. 419, 424, while the point was not decided, this court said:

"If the statute is to be construed in the same spirit in which other remedial statutes are, and not in a literal way, there might be reason for holding that this provision, extending the time for proof with reference to claims 'liquidated by litigation,' reaches every case in which a question arises, and which comes into a judicial tribunal within the year limited, if the question, in any manner, involves the determination of the net amount for which the claim shall be finally allowed."

In Buckingham v. Estes, 128 Fed. 584, 63 C. C. A. 20, the bankrupt's wife sought by petition in the bankruptcy court to enforce a resulting trust in land held by the trustee, and to recover its rents and profits. The decree in her favor was rendered more than a year after adjudication, and she thereupon sought to prove her claim. The Court of Appeals allowed the proof on the ground that the litigation was the legal equivalent of proof in the usual form. The litigation here differed from that in Buckingham v. Estes, but the case is cited to show the spirit in which the statute has been construed. The decision of the District Court of South Carolina in Re Fagan, 140 Fed. 758, was in favor of the creditor's contention here, but it was rested upon grounds different from those above mentioned.

We thus hold that in the proceeding in the state court the creditor's claim was "liquidated by litigation." But, while the claim was thus liquidated, its allowance in bankruptcy does not follow as a necessary consequence, and all objections thereto, save that arising from the special statute of limitations, we leave open for the consideration of the District Court.

The decree of the District Court entered on March 17, 1906, is reversed, and this case is remanded to that court for further proceedings not inconsistent with this opinion, and the appellant recovers his costs of appeal.