### In re KEYES.

(District Court, D. Massachusetts. April 10, 1907.)

No. 8,744.

1. BANKRUPTCY—CLAIMS—REJECTION—REHEARING.

Where a referee's order disallowing claims in bankruptcy on the sole ground that the claims were not offered for proof within the time required was sustained on a petition for review, and shortly thereafter the Circuit Court of Appeals in another case so construed the bankruptcy act that such claims would not have been barred, claimants were entitled to a rehearing, though no appeal was claimed.

2. SAME—JURISDICTION—ORDERS IN BANKRUPTCY—REVIEW.

In bankruptcy proceedings, the court's power to reconsider and revise its orders and decrees does not expire with the term at which they were made.

3. SAME—CLAIMS—"LIQUIDATED BY LITIGATION."

After bankruptcy, certain proceedings were brought in the state court to set aside a conveyance of property from the bankrupt to claimants before adjudication. If the conveyance had been held good, the claims would have been satisfied from the property conveyed, which claimants sought to hold as security for their claims, in which they were unsuccessful. *Held* that, though such litigation did not in terms relate to the amounts due claimants, the question litigated necessarily involved a determination of the net amount for which their claims should be finally allowed, and hence such claims should be regarded as "liquidated by litigation," within Bankr. Act July 1, 1897, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), providing that if claims are liquidated by litigation, and final judgment therein is rendered within 30 days before or after the expiration of a year from the adjudication, they shall be proved within 60 days after the rendition of such judgment.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 5, p. 4175.]

In Bankruptcy. On petition of George A. Williams and Williams & Bridges for rehearing.

Henry L. Parker, Jr., for trustee.
T. H. Gage, Jr., for creditors.

DODGE, District Judge. The referee disallowed claims offered for proof by these petitioners, and on petition for review the disallowance was sustained by this court November 8, 1906. The petitioners claimed no appeal, and the time for claiming one under section 25 of the bankruptcy act expired November 18, 1906. On January 24, 1907, the opinion of the Circuit Court of Appeals for this circuit in Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, was handed down. If that opinion had been announced before November 8, 1906, this court could

not in this case have sustained the referee, as it did, upon the sole ground that the petitioners' claims were not offered for proof until after the time had expired which is allowed for such proof by section 57n of the bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]). The referee held that the proof was too late, even if the claims were to be regarded as "liquidated by litigation," within the meaning of the section referred to, and in this view the court agreed. But in Powell v. Leavitt the Circuit Court of Appeals has expressly declared that the exception contained in section 57n with regard to claims "liquidated by litigation" is to be interpreted as if it read:

"If the final judgment therein is rendered within thirty days before the expiration of such time or at any time thereafter."

Under this construction, the petitioners' proof was within the time limited, and the referee and this court were wrong in disallowing it.

Of the above construction of section 57n, now authoritatively settled as the true construction in such manner as to bind the courts of bankruptcy within this circuit, it seems to me that the petitioners ought to have the same benefit which they would have had if the decision in Powell v. Leavitt, had been announced a few weeks earlier, or if my decision in this case had been delayed until a few weeks later. Notwithstanding the fact that the petitioners claimed no appeal, as they might have done, I see no reason why a rehearing may not be ordered for this purpose; it being conceded that no steps have been taken since November 8, 1906, which have changed the situation of the parties so far as the distribution of the assets is concerned. The same funds which were then in the hands of the trustee he holds now, and it is not too late to admit the petitioners, if their right is clear, to a share in their distribution. The term of the court within which its decision of that date was made came to an end before this petition for rehearing was filed; but I think I am justified in holding that, in bankruptcy proceedings, the court's power to reconsider and revise its orders and decrees does not expire with the term at which they are made. In re Ives, 113 Fed. 911, 51 C. C. A. 541; In re Kaufman (D. C.) 136 Fed. 262. A rehearing is therefore ordered.

One question still remains open to the creditors who oppose the allowance of the claims. They contend that the claims were not "liquidated by litigation" at all, and are not, therefore, within the exception contained in section 57n, however that exception may be construed. This was urged and controverted before the referee, and again before the court on the petition for review; but neither the referee nor the court has passed upon the question. The argument has been made and replied to again upon this application for rehearing, and it is understood that no further opportunity to be heard is desired by either party. Upon that understanding the question may now be considered and decided. Upon its decision the allowance or disallowance of the claims now depends.

The referee's certificate recites the history of the litigation in the state courts to set aside the conveyance of property which the bankrupt

had made to these petitioners before adjudication. It further states that, if the bill of sale had been held to be good, the claims of the petitioners would have been satisfied, and they would not have presented any claims against the bankrupt estate. They sought to hold the property covered by the bill of sale as security for these very claims now presented. Their claims were satisfied or unsatisfied, according as the bill of sale was held good or bad in the result of the litigation. Although the litigation did not in terms relate to the amounts due these creditors, yet, since the question litigated necessarily involved the determination of the net amount for which their claims should be finally allowed, I think the claims are to be considered as "liquidated by litigation," within the meaning of section 57n. Hutchinson v. Otis, 115 Fed. 937, 53 C. C. A. 419; Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43.

The former order of November 8, 1906, affirming the decision of the referee disallowing these claims, is therefore now to be vacated. The referee's decision is reversed, and the claims are to be allowed.