---

### In re PECK.

(District Court, N. D. New York. May 26, 1908.)

BANKRUPTCY—LIMITATION OF TIME FOR FILING CLAIMS—EXCEPTIONS.

While Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), providing that, with certain exceptions therein, named claims against a bankrupt estate shall not be proved subsequent to one year after the adjudication, is not to be strictly and literally construed in all cases, yet creditors having provable claims and notice of the bankruptcy and an opportunity to examine the bankrupt, who fail to prove their claims merely because of a statement in his schedules that his assets there listed and described are of no value, are not entitled to prove after the expiration of the year when it has been ascertained that such assets are of value; there being no claim of actual fraud or willful misrepresentation by the bankrupt.

In Bankruptcy. Application by creditors to be allowed to come in and prove and file claims after the expiration of one year from the adjudication.

Lee & Brewster (H. M. Mott, of counsel), for petitioners.
Edgar F. Brown, for bankrupt.

RAY, District Judge. The petitioners, creditors of Horace D. Peck, the above-named bankrupt, having claims properly provable but for section 57n of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), apply for leave to prove, file, and have allowed their claims against the estate of the bankrupt more than one year after the adjudication, on the ground that by the fraud and concealment of the bankrupt they were induced not to file and prove their claims within the year.

It is not asserted that there was any active fraud or conduct on the part of the bankrupt perpetrated or done for the express purpose of preventing these creditors from properly proving their claims within the year, or for the purpose of inducing them not to do so, but that his conduct and statements in making and filing his schedules, etc., were such as to mislead and deceive these creditors and induce them not to file

or prove their claims; that the bankrupt represented in such schedules that his interest in the estate of Frank A. Peck, deceased, was worthless, when, in fact, it was of the value of some $4,165.57, and proved so to be. I do not understand it is claimed that the bankrupt knowingly and willfully concealed or misrepresented the value of this interest. In regard to this interest he stated in his schedules as follows:

"The annual income of $5,000 held in trust by the executors of Frank A. Peck, deceased, and to continue during the natural life of petitioner; also an undivided one-fourth interest in the residuum estate of the said Frank A. Peck to be paid to said bankrupt when he arrives at the age of 25 years."

The petition in voluntary bankruptcy was filed November 10, 1903, and the adjudication made November 30, 1903, and the matter was thereupon referred to Chas. L. Stone, one of the referees in bankruptcy. The first meeting of creditors was called and held on the 31st day of October, 1904, nearly a year after the filing of the petition and adjudication, at which meeting one Geo. W. Gray was appointed trustee. Claims aggregating about $1,219.85 were duly filed within the year. The trustee filed his inventory April 8, 1907, showing assets of the estimated value of $5,873.93, and April 9, 1908, the trustee filed his account showing assets on hand $4,296.48. At about the time of the first meeting of creditors the attorney for the bankrupt filed his affidavit, stating, in substance, that the bankrupt had been unable to pay his attorney and incidental expenses, and hence the delay in the first meeting. This bankrupt arrived at the age of 25 years on the 28th day of January, 1906. October 5, 1905, the bankrupt executed and delivered to the trustee a written assignment of his interest in the estate of said Frank A. Peck. March 1, 1905, the bankrupt filed his application for a discharge, and he was discharged October 15, 1905. The petitioners here seem to have relied on the statement in the schedules that this interest in the Peck estate was of no value. It was open to all creditors at the first meeting to examine the bankrupt, and to have called and examined the executors, etc., of the Peck estate. Without availing themselves of these remedies, the petitioners here relied on the schedules, did not go to the trouble and slight expense of proving their claims, but now come in and assert that as the statement of no value in the interest of the bankrupt in the Peck estate has been shown untrue in fact, and without showing a fraudulent intent or purpose on the part of the bankrupt, they were misled, and that there was sufficient fraud in equity to justify this court in holding that there was a fraudulent concealment which misled the petitioners, and that in the exercise of its equitable powers it should permit the filing and proof of these claims.

This court has heretofore directed the payment of all proved and allowed claims and all expenses, commissions, etc. This has been done, and a balance of assets in cash to the amount of $1,820.78 is now in the hands of the trustee available to the payment of the claims of these petitioners if proved and allowed. It may seem unjust and inequitable to impose a short statute of limitations on the creditors of a bankrupt, who, having notice of the proceedings, fail to prove their claims within the year after adjudication. The section referred to, section 57n of the act, reads as follows:

"(n) Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

The purpose of the law is to give to each and every creditor one year after adjudication in which to prove and file his claim. It is optional with him to do so or not. In case he does, he may fully examine the bankrupt and other persons so as to ascertain the truth of the petition and schedules and the value of the estate. Section 7, subd. 9, and section 21a. If the bankrupt files his petition for a discharge in due time, and has fully complied with the law, he may be discharged from all provable debts. In this case that has been done. No creditor opposed. Can these claims of these creditors who did not prove their claims be now revived against this bankrupt already discharged therefrom, so as to share in or hold the balance of the estate in bankruptcy?

It is contended that there is no power in this court to allow this to be done. But, suppose the bankrupt by active fraud or personal force should prevent a creditor from proving and filing his claim within the year; in such case would the creditor be without remedy? Suppose the proof is made, the claim with proofs dispatched by a messenger to the referee on the last day, but the messenger is killed or disabled by an accident from actually filing it in time; is the creditor without remedy? The section quoted says:

"Or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

The words, "such time," refer to the one year after or following adjudication. Suppose the parties are diligent, free from laches, the claim is tried before a court or judge, and he dies or fails to render his decision, so that a year and 30 days and more elapse after the adjudication before a judgment can be rendered; is the creditor without remedy? Clearly not as is held in Re Noel, 18 Am. Bankr. Rep. 10, 150 Fed. 89 (C. C. A. First Circuit), and as is indicated by the Supreme Court of the United States in Keppel v. Tiffin Savings Bank, 13 Am. Bankr. Rep. 552, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. I have examined the cases bearing on this question, but am of the opinion that the clause of the section quoted is not to be read and construed literally and strictly. There may be cases where the creditor should and would be permitted to file his proofs of claim after the expiration of the year mentioned nunc pro tunc. The section was intended primarily for the benefit of the creditors who file their proofs of claim promptly, and to give them the benefit of diligence. It was also intended to facilitate the administration and settlements of the estates of bankrupts. The provision was not intended primarily as a short statute of limitations. There may be exceptions to the general rule as suggested. But is this such a case? May creditors having provable claims and notice of the bankruptcy and first meeting and an opportunity to file and prove their claims and fully examine the bank-

rupt as to his affairs and property lie still for the simple reason he has stated in his schedules that his assets there listed and described are of no value? I think not. Such is this case in all essentials. The section of the law providing for an examination of the bankrupt and his books and papers and other persons is for the purpose of affording the creditors ample opportunity to ascertain the value of the assets, and whether or not property has been concealed or otherwise improperly disposed of. As these creditors were neither deprived of this opportunity nor prevented from filing their claims in time, I do not think this a case justifying an order allowing the filing and proof of claims after the expiration of the year following adjudication. It does not appear that this bankrupt knew the value of his interest in the estate referred to, or that he purposely concealed or misrepresented it.

Entertaining these views, the application must be denied.