### In re STROBEL.

#### (District Court, E. D. New York. August 4, 1908.)

BANKRUPTCY—TIME FOR PROVING CLAIMS—MATTERS IN LITIGATION.

Where one scheduled as a creditor by a bankrupt as to a part of the amount insisted upon his rights as a secured creditor under a chattel mortgage which was held void because recorded in the wrong county, and as to another part claimed ownership of property in possession of the bankrupt, as bailor, but which was adjudged to be the property of the estate, both decisions being made more than a year after the adjudication, his claims were sufficiently before the court to render it unnecessary for him to file formal proofs before the referee, and may be allowed as general claims after the expiration of the year fixed by the statute for filing proofs of claim.

In Bankruptcy.
See 163 Fed. 380.

Benjamin F. Edsall, for trustee.
Albert C. Aubery, for bankrupt.
Dittenhoefer, Gerber & James (A. J. Dittenhoefer and Frank Trenholm, of counsel), for Bachrach.

CHATFIELD, District Judge. The point at issue is simple in statement, but exceedingly important in application. Act July 1, 1898, c. 541, § 57, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), as amended, specifies many details as to "proof and allowance of claims," and subdivision "n" is as follows:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

A "proof of claim" is defined by subdivision "a" of section 57 to be "a statement under oath, in writing, signed by a creditor," with various details as to the kind, nature, and amount of the debt. It will thus be seen that a "proof of claim" is defined by the act to be a paper, and to be an affirmative personal paper writing made by the creditor, as distinguished from any admission of the bankrupt, or secondary evidence from other documents. The language of subdivision "n" could not well be stronger, and the statute certainly seems to imply that no claim shall be proved, by the filing of a proof of claim defined in subdivision "a," after 12 months have elapsed since adjudication.

In the present case the bankrupt was adjudicated upon October 21, 1905. No appeal from the adjudication was taken, no claims now

under consideration were liquidated by litigation, wherein a final judgment was rendered within 30 days after the expiration of 12 months since adjudication, nor is any claim affected by the rights of infants or their guardians. The question is directly raised through the debts of the bankrupt to one Bachrach, whose claims are as follows: First. $7,454.58, with interest from August 25, 1904, which amount was embodied in a chattel mortgage made null and void by filing in the county of New York, instead of in the county of Kings, where the bankrupt resided. Second. $3,500, merchandise debt alleged to have been due Bachrach at the date of the petition in bankruptcy. Third. $3,015.76, which amount Bachrach is now under bond to pay, with interest, into the estate under order of this court.

This last amount can in no wise be considered a claim against the estate, under the determination of this court and of the United States Circuit Court of Appeals for this circuit in Re Leonard Strobel, Indv., etc., Bankrupt (decided Feb. 28, 1908, and March 9, 1908) 160 Fed. 916. By these decisions it has been conclusively determined that the amount in question was due for property erroneously taken by Bachrach from the receiver in bankruptcy, the value of which he was ordered to restore. The other two items—that is, the amount represented by the void chattel mortgage, and the claim for general merchandise—may be treated alike, so far as this application is concerned.

The bankrupt in his schedules has recited as debts owing by him the $7,454.58, with interest, involved in the chattel mortgage transaction, and the $3,500 indebtedness for merchandise. The creditor Bachrach has claimed by a verified petition, in writing, in this proceeding both the amount due under the chattel mortgage and the claim for the $3,500, the latter claim having been made by this creditor in the guise of a petition to have his alleged right to the merchandise itself determined, and it was upon this application that the court decided his claim to be merely an indebtedness, unsecured in any way. This latter question has been in litigation, and has ultimately been determined in favor of the estate within a very recent time, and not until over two years had elapsed subsequent to adjudication. Upon this condition of affairs, the trustee in bankruptcy has objected to the filing with the referee of a claim under section 57n of the statute, and the referee has returned the same, upon the 15th day of July, 1908, whereupon the creditor Bachrach has applied to this court for an order directing that the referee receive the proof of claim, and allow the same to the amount which may be proven.

It appears from the record that no dividend has been declared, and that the trustee has not as yet received from the receiver the fund which may be in the receiver's hands, and as to which an accounting has been delayed by the applications pending before the court. The trustee cites the following cases, which must be considered: In re Stein (D. C.) 94 Fed. 124; Bray v. Cobb (D. C.) 100 Fed. 270; In re Shaffer (D. C.) 104 Fed. 982; In re Rhodes (D. C.) 105 Fed. 231. Of these cases the last one is the only one directly setting forth the doctrine urged. The creditor Bachrach relies upon the case of In re Fagan (D. C.) 140 Fed. 758, 15 Am. Bankr. Rep. 520.

There would seem to be little room for doubt as to the intent of Congress in making use of the language contained in the statute. Section 56b provides that creditors holding claims which are secured shall not be entitled to vote, except for the amount in which the claim exceeds the security, and section 57e provides that the claims of secured creditors shall be allowed for such sums only as to the courts seem to be owing over and above the value of their security. The Congress had apparently in mind promptness in the settlement of bankrupt estates. The statutory limitation of one year for the filing of claims is expressed in definite language, and no ambiguity of meaning can be ascertained. The statute begins to run at adjudication, and, except in a few specified cases (with which we have nothing to do), is terminated 12 months after adjudication, and neither the court nor the referee has the power to extend this period of 12 months, so far as the presentation of a properly verified claim to the referee is concerned. The cases cited bear out this interpretation of the law, and there are but two questions to be considered: First, is the filing of a duly verified petition containing the necessary facts required in a proof of claim (such petition having been presented to the court and made a part of the record in the proceeding) equivalent to the filing of a proof of claim; the amount of the indebtedness being admitted by the bankrupt and included in his schedules, and the attacks upon the claim having been confined to objections that the claimant did not have a valid chattel mortgage, and was not the owner of the merchandise to which he had asserted title and for which he now claims that the bankrupt is indebted, and a determination having been made adverse to himself on the proposition of ownership? And, second, does the statute forbid the allowance of a claim unless filed in the manner prescribed?

The situation as to the mortgage is further complicated by the fact that the mortgagee included his alleged rights under the mortgage as a ground for his claim of title to the goods which he has been ordered by the court to return to the estate. If these claims had not been intermingled, the situation in reference to the chattel mortgage would be simple. Mr. Bachrach knew before the expiration of the 12 months that his rights to a chattel mortgage had been lost through a mistake in filing, and, if nothing else had been involved, he would have been bound to file his claim for the indebtedness represented by the alleged chattel mortgage, within the statutory period; but, inasmuch as the claim of ownership to the goods was partially based upon his rights under the alleged chattel mortgage, Bachrach would seem to have been acting under a mistake of law, and therefore the question with reference to either item is whether a creditor is precluded from asserting any claim against a bankrupt estate, when, under a mistaken idea of the law, he has insisted upon his rights as a secured creditor, or as owner of property ultimately determined to be a part of the bankrupt's estate, until the 12 months have gone by.

Suppose reclamation proceedings should be brought and determined in favor of a creditor, and an appeal should be taken on behalf of the trustee, and that appeal (running over the period of 12 months) should result in reversal and a determination adverse to the reclaiming cred-

itor; or, again, suppose a chattel mortgage, apparently valid, is attacked by the trustee, and the mortgagee should be successful, whereupon the trustee appeals, and the appeal, then running beyond the period of 12 months, should result in reversal, and the mortgagee be adjudicated to have but an unsecured debt against the bankrupt's estate. Had Congress the right, under the Constitution, to provide that a creditor could not receive any share of the estate, equally with the other creditors, unless he should give up the decision or judgment already rendered in his favor, and admit the contention of the trustee who had appealed, and who thus had compelled the creditor to run the risk of a reversal and the entire loss of his property, if such reversal was not ordered by the Appellate Court within 12 months after adjudication? Can the Congress, by fixing such an apparent statute of limitation, deprive an individual of his property, either by compelling him to throw up his hands upon an appeal from a determination in his favor, or else to yield all claim as a general creditor?

If such should be held to be the meaning of the statute, it would seem to this court to be unconstitutional, and inasmuch as all claims properly before the court and upon the record must be considered in the declaration of dividends, or in the carrying out of a composition, and inasmuch as the assets of the estate cannot be considered available until the title of the trustee thereto has been finally determined, it would seem to be necessary to hold that section 57n could not have been intended in such a sense as to make the statute unconstitutional, and must therefore be limited to claims as to which the filing of a proof of claim is necessary, and where the creditor is in a position to file the necessary proof with the referee, or to elect not to do so. Further, in the particular instance the decision has been against Mr. Bachrach, and the appeal was taken by him; but his rights would seem to be the same, and the Congress had not the power under the Constitution to compel him to give up the rights of appeal allowed to litigants in such matters, by forcing him within a certain time to yield his claim for security, in order to save even what rights he might have if defeated on that appeal. As a matter of equity, there would seem to be no necessity in such a case as the present for the filing of a specific and additional proof of claim. The proofs already on record and actually before the referee, while filed in court and not with the referee originally, are sufficient as proof of a claim, when coupled with the orders of this court following the decision upon the appeals, and deciding that Mr. Bachrach is but a general creditor for such amount as may be allowed.

The bankruptcy statute has no time limit upon the allowance of claims, nor upon the payment of dividends, and in the present instance the referee will be directed to allow the claim of Mr. Bachrach for such amounts, up to $7,454.58, and interest, and up to $3,500, as the referee may determine after hearing proof as to the amount of these claims, and whatever testimony may be offered in objection thereto.

The recent cases of In re Peck (D. C.) 161 Fed. 762, and In re Noel 150 Fed. 89, 80 C. C. A. 43, following the idea of Keppel ·v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, show

that section 57n of the bankruptcy statute is not to be applied in all cases, and seem to justify the conclusion reached by this court.

The motion will be granted, as indicated.