In re OTTO F. LANGE CO.

(District Court, N. D. Iowa, E. D.   May 10, 1909.)

No. 591.

1. BANKRUPTCY (§ 311*)—PREFERENCES—"SURRENDER."

The word "surrender," as used in Bankr. Act July 1, 1898, c. 541, § 57g, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), providing for the surrender of preferences, includes a voidable preference of which a creditor is deprived by the judgment of a court at the suit of the trustee as well as a surrender by voluntary act.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 499; Dec. Dig. § 311.*

For other definitions, see Words and Phrases, vol. 8, pp. 6819–6821.]

2. BANKRUPTCY (§ 328*)—PREFERENCES—PROOF OF CLAIMS—TIME.

Where a preferred creditor is compelled at the suit of the trustee to surrender a voidable preference, it is entitled after judgment to have its claim proved and allowed against the estate before it is finally settled, though it is not filed or proved for such allowance within the year from the date of the adjudication prescribed by Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), for the filing of general claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

3. BANKRUPTCY (§ 310*)—SECURED CLAIMS—RIGHTS OF INDORSERS.

Where a bank took a mortgage to secure the indorsement of a corporation's note by its president and the corporation became bankrupt, the indorser being entitled to subrogation to the rights of the bank to the extent of so much of the debt as he or his property should discharge, as provided by Bankr. Act July 1, 1898, c. 541, § 57i, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), and to prove the claim in the bank's name in the bankruptcy proceedings against the corporation, if the bank did not, the bank was entitled to prove the entire claim against the estate, though any dividend it might receive thereon would reduce to that extent its mortgage security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 502; Dec. Dig. § 310.*]

In Bankruptcy. On petition of the First National Bank of Dubuque, Iowa, for review of the order of the referee denying its claim against said bankrupt estate.

See, also, 159 Fed. 586.

T. J. Fitzpatrick, for petitioner.
Lacy, Brown & Lacy, for trustee.

REED, District Judge. The Otto F. Lange Company, an Iowa corporation, was adjudged bankrupt by this court November 21, 1907, upon petition of certain of its creditors filed October 30th preceding, and a trustee of the estate was duly appointed December 4th following. October 23, 1907, the bankrupt was indebted to the First National Bank of Dubuque, Iowa, upon two promissory notes of $1,000 each, dated July 18, 1907, which notes were indorsed by Otto F. Lange, individually, who was then, and at the time of the bankruptcy, the president and general manager of the bankrupt corporation. As se-

curity for his indorsement of such notes, Lange and his wife had made to the bank a mortgage upon their homestead in Dubuque, and on October 23d Lange paid the notes in full to the bank, which, with interest to that date, amounted to $2,030, from the funds of the Otto F. Lange Company. March 10, 1908, the trustee in bankruptcy demanded of the bank that it return to him as trustee of the Otto F. Lange Company the said $2,030, upon the ground that it was a voidable preference, and that he elected to recover the same for the benefit of the estate. The bank refused to comply with this demand, and on March 13th the trustee brought suit against it in this court to recover such alleged preference. This suit was prosecuted to final determination, and on January 22, 1909, judgment or decree was rendered in favor of the trustee and against the bank for said $2,030, with interest from October 23, 1907, and costs. February 8, 1909, the bank paid into court the full amount of said judgment, with interest and costs, and on February 9th proved its claim against the bankrupt estate upon said notes for the amount so recovered from it, filed the same with the referee on that date, and asked that it be allowed as an unsecured claim against the estate. The trustee objected to its allowance upon the ground alone that the claim was not proven or filed with the referee within one year from the date of the adjudication of the Otto F. Lange Company as a bankrupt. The referee sustained this objection, and rejected the claim; and the bank petitions for a review of this order. The single question for determination is, Was the claim of the bank proved against the bankrupt estate within the time required by the bankruptcy act?

In Re Kemper (D. C.) 142 Fed. 210, this court held that such a claim must be proved within the time prescribed by section 57n of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), or it would be barred by the express provisions of that section; but it is contended on behalf of the bank that in view of the decisions of the Court of Appeals, First Circuit, in Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, the question should be re-examined and the Kemper Case overruled. One of the objections to the allowance of the claim in the Kemper Case was that the claimant had acted in bad faith in accepting the preference and retaining it until it was deprived thereof by the judgment of the court, and there was testimony tending to support that contention. The decision, however, was not made to rest upon that ground. The question is of such importance that it will be re-examined, and if the Kemper Case was wrongly decided it should not be arbitrarily adhered to.

Counsel for the bank relies mainly upon Powell v. Leavitt, above, where it is held that the phrase "liquidated by liquidation," as used in section 57n, is sufficiently comprehensive to include the judgment or decree of a court depriving a creditor of a voidable preference at the suit of the trustee; that such judgment fixes the liability of the estate to the creditor for the amount so recovered from him, and that he may prove a claim therefor within the time prescribed by section 57n. Whether the phrase will bear that interpretation may admit of some doubt.

In Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, the Supreme Court held that the word "surrender" as used in section 57g denotes an enforced as well as a voluntary act, and that a creditor who has received a merely voidable preference, and in good faith retains it until deprived thereof by the judgment of a court at the suit of the trustee, may thereafter prove his debt and have it allowed. The question of limitation under section 57n was not certified to the Supreme Court in that case, and whether or not any question under that section was involved or could have been raised does not appear from the statement of the case or the opinions of the court; and it was said in the Kemper Case that the question of limitation under section 57n was not there determined.

In the recent case of Page v. Rogers, Trustee, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. ——, the question of preference was again considered by the Supreme Court. In that case Rogers, as trustee of a bankrupt estate, brought suit to recover from one of its creditors a voidable preference received by him in June, 1903, a few days prior to the adjudication in bankruptcy. The trustee had judgment in the District Court, and that was affirmed by the Court of Appeals. Upon appeal to the Supreme Court it was held that the decree of the lower courts should be modified for a reason not urged, and upon a question not raised, by the parties to the suit. The court said:

"All that has been said would naturally lead to an affirmance of the decree. Nevertheless, we are of the opinion that it ought to be modified, for a reason not dwelt upon in argument. Now that this litigation has come to an end, and the defendant has been compelled to surrender the preference which he received, he is entitled to prove his claim and to receive a dividend on it upon an equality with other creditors. Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. In view of the fact that this suit was brought in the bankruptcy court itself, and a final decree is to be entered by the judge of that court, it is entirely practicable to avoid the circuitous proceeding of compelling the defendant to pay into the bankruptcy court the full amount of the preference which he has received, and then to resort to the same court to obtain part of it back by way of dividend. The defendant may be permitted, if he shall be so advised, to prove his claim against the estate of the bankrupt, and the bankrupt court then may settle the amount of the dividend coming to him, and the final decree may direct him to pay over the full amount of his preference, with interest, less the amount of his dividend. Solely for the purpose of accomplishing this result, the final decree in the case is reversed, and the case remanded to the District Court to take proceedings in conformity with this opinion."

This decision was 5½ years after the bankruptcy, and before the creditor had attempted, otherwise than by his defense to the suit of the trustee, to make any assertion of his claim. No reference is made to section 57n, but it is obvious from this decision, in connection with that in Keppel v. Savings Bank, that the Supreme Court does not regard the claims of creditors who have been deprived of merely voidable preference as falling within the provisions of section 57n, but as claims accruing under section 57g at the time the preference is surrendered or the creditor is deprived thereof by the judgment of the court, and that they may be proved and allowed thereafter before the estate is finally settled. Page v. Rogers was not referred to upon the argument of this case, and the opinion had not been published at the

time the suit of the trustee against this bank was determined. If it had been, or had then been called to the attention of the court, the rights of the bank under its claim against the estate might have been adjusted in the same way that a similar claim was adjusted in Page v. Rogers. It follows, therefore, that if the question of bad faith in accepting and retaining the preference, suggested in the Kemper Case, was not to be considered, that case was wrongly decided and should not be followed.

It appears that the bank holds a mortgage upon the homestead of Otto F. Lange as security for his indorsement of the notes of the Otto F. Lange Company, and the question was suggested upon the argument whether its claim could be allowed except for the amount thereof above the value of such security, as provided by section 57e. This mortgage is not upon any property of the bankrupt, but is upon the property of the indorser, and if the bank should fail to prove the claim the indorser might do so in its name and be subrogated to the rights of the bank to the extent of so much of the debt that he or his property shall discharge. Section 57i. The bank may therefore prove its entire claim against the estate, though any dividend it may receive thereon will reduce to that extent its mortgage security upon the homestead of Lange and his wife.

The conclusion, therefore, is that the claim of the bank to the extent of $2,030 against the bankrupt estate, the payment of which was recovered from it by the trustee as a voidable preference, should be allowed as an unsecured claim against the estate of the Otto F. Lange Company, and the matter will be referred back to the referee for such allowance. It is ordered accordingly.