In re VENSTROM.

(District Court, W. D. Washington, N. D. May 15, 1913.)

No. 4,368.

1. BANKRUPTCY (§ 328*)—CLAIMS—LIQUIDATION BY LITIGATION—FILING—TIME.

Claimant, having sold goods to a bankrupt before commencement of bankruptcy proceedings, brought replevin in a state court, which action was pending when bankruptcy proceedings were instituted, whereupon the trustee intervened and recovered judgment for the return of the goods. The judgment was rendered in October, 1912, and in November following claimant filed its claim for the goods in the bankruptcy proceedings. The claim was filed before claimant had returned the goods or paid the value thereof, which it subsequently did. *Held* that, since it would be presumed that claimant did not recover possession of the goods without giving a replevin bond, such bond would amount to a substantial compliance with the requirement for the surrender of anything in the nature of a preference prior to the making of its claim, and the claim, having been filed within 60 days after judgment, was properly allowed, though not filed until more than a year after adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

2. BANKRUPTCY (§ 322*)—CLAIMS—PRESENTATION.

Where claimant, having sold goods to a bankrupt, a small portion of which had been sold, brought replevin to recover the balance before bankruptcy, in which it was unsuccessful, and was compelled to pay the value of the goods replevined to the bankrupt's trustee, it was not bound to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

limit its claim against the bankrupt's estate to the value of the goods replevined, but was entitled to file for the whole claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 508–510; Dec. Dig. § 322.*]

In Bankruptcy. In the matter of bankruptcy proceedings of C. J. Venstrom. Petition for review of a referee's order allowing a claim filed more than a year after adjudication. Affirmed.

Leopold M. Stern, of Seattle, Wash., for trustee.

Force & Ballinger, of Seattle, Wash., for claimant.

CUSHMAN, District Judge. This matter is before the court upon a petition for a review of the action of the referee in bankruptcy, allowing a certain claim in full, filed more than one year after the adjudication in bankruptcy. The adjudication was made the 30th day of August, 1910. The referee's certificate shows.:

"That some time prior to the commencement of this proceeding the claimant, Clinton A. Hill & Co., sold and delivered a bill of goods to the bankrupt. Some time thereafter, and before the commencement of the bankruptcy proceeding, the said claimant sought to rescind the contract of sale. and brought an action in the state court in the nature of a replevin action to recover the goods so sold and delivered. That the entire bill of goods sold amounted to $491.25, of which about $90 worth had been sold before the commencement of said replevin action. That the remainder of the goods were taken from the possession of the bankrupt by the officer and delivered to the plaintiff in the action. This action was pending at the time of the institution of the bankruptcy proceeding, and the trustee in the bankruptcy proceeding intervened and defended the action, which after long delay resulted in a judgment for the return of the property, and, if return could not be had, the value thereof as fixed in said judgment. This was rendered in October, 1912, and in November following the claimant filed its claim for the bill of goods sold and delivered as hereinbefore stated. This claim was filed before the plaintiff in the replevin action had complied with the terms of the judgment by returning the property, or paying the value thereof. Objections were interposed by the trustee to this claim, and the order sought to be reviewed resulted from a hearing of said objections, and the overruling thereof, and the allowance of the claim as filed.

"In March, 1913, the plaintiff in the replevin action complied with the judgment hereinbefore referred to by paying to the trustee the value of the property replevined as determined by the judgment. Between the time of the rendition of the judgment in the state court and the time of the satisfaction thereof by the plaintiff by paying to the trustee the money as hereinbefore stated, said plaintiff had sought by petition to be allowed to substitute for the property replevined other property of the same kind and quality, instead of being required to pay the value of such property as found by the said judgment, which petition after a hearing thereon was denied by the referee. The question presented for decision as understood by the referee was as to whether or not under the circumstances substantially hereinbefore summarized the plaintiff's claim should be allowed, notwithstanding the fact that it was not filed until more than a year after the adjudication."

The objection made to the referee's action in allowing the claim is that, under section 57n of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3444]), which requires the filing of claims within one year after the adjudication, the claimant in this cause does not come within the exception in that section—pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

viding that, where a claim is being "liquidated by litigation," if it does not become so liquidated until after the expiration of the year, the claimant may file his claim within 60 days after final judgment—for the reason that, although claimant did file a claim within 60 days after judgment, it was prior to its surrender to the trustee of the property replevined by it, or the payment of its value. Therefore the claim was premature.

Further objection is made to the allowance of the claim in full, in that, as the bill was for the entire amount of goods sold by claimant to the bankrupt, and only a portion of them were replevined, in any event, the difference on account of the goods sold by the bankrupt out of the bill, prior to the replevin, should have been presented within the year, as the item therefor was not in process of litigation in the suit.

The trustee relies upon the following authorities: Section 57n of the Bankruptcy Act; Powell v. Leavitt, 150 Fed. 89, 92, 80 C. C. A. 43.

Claimant relies upon the following authorities: Loveland on Bankruptcy; In re Standard Telephone & Elec. Co. (D. C.) 186 Fed. 586; Page v. Rogers, Trustee in Bankruptcy, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332; In re Strobel (D. C.) 163 Fed. 787; In re Keyes (D. C.) 160 Fed. 763.

[1] The referee's ruling in the matter is approved and sustained. The letter of the statute was complied with by the filing of the claim within 60 days after judgment. The replevining of the goods under a claim that the bankrupt was not the owner of the goods, but was selling them on commission for the claimant, was not the "seeking to establish a preference," in which case it has been held that the claimant must surrender his preference before making his claim.

The object of the requirement of filing claims promptly is in no way violated by this holding. In any event, it is to be presumed that the claimant did not recover possession of the property in bankruptcy, without giving the replevin bond required by the statute, and this bond would stand in the place of the property replevined. Its being security for the surrender of the property would amount to a substantial compliance with the requirement of the surrender of anything in the nature of a preference prior to the making of a claim.

[2] So far as the allowance of the claim in full is concerned, the claimant would not be required to present his claim piecemeal—the goods sold by the bankrupt before replevin being a small part of the original bill. Further, so far as this difference is concerned, it was liquidated by the judgment; for by the judgment was determined the question of whether the bankrupt was an agent or a debtor. The determination of this question, while not affecting the amount, was one of the issues liquidated or made clear by the judgment.