### BICKLEY v ARMOUR & CO

Ohio Appeals, 6th Dist, Erie Co
No. 353. Decided April 24, 1931

King, Ramsey & Flynn, Sandusky, for Bickley.

G. C. Steineman, Sandusky, for Armour & Co.

## PFLEIDERER v FARMERS & MERCHANTS BANK

Ohio Appeals, 9th Dist, Wayne Co
No. 873. Decided April 30, 1931

C. F. Schaber, Bucyrus, for Pfleiderer.

Weygandt & Ross and Troutman and Taggart, Wooster, for Farmers & Merchants Bank.

### RICHARDS, J.

We do not find the elements of estoppel present in this case. Bickley suffered no detriment or prejudice by reason of making the proof of claim phrased as above stated. Furthermore, the guaranty held by Armour & Company was that of a third party and in no wise secured by any property of the bankrupt, and, therefore, Armour & Company was not a secured creditor within class 23, Section 1 of the Bankruptcy Act. As was held in Bank of Searcy v Merchants' Grocer Co., 185 S.W., 806, the fact that the debt of a bankrupt is secured by collateral other than that of the bankrupt himself, does not make it a secured claim within the meaning of the Bankruptcy Act. See also:

Collier on Bankruptcy, 724;

In re Otto F. Lang Co., 170 Fed., 114;

Gorman v Wright, 136 Fed., 164.

We call attention to the fact that the parties are relying, in this case, on an agreed statement of facts, but that is not contained in any bill of exceptions and, indeed, no bill of exceptions was taken, so that the agreed statement of facts can not be considered by this court. However, the controlling facts are not in dispute in the pleadings and no reply was filed, so that the averments relating to the proof of claim are not denied.

Judgment affirmed.

LLOYD and WILLIAMS, JJ, concur.