## In re SAMPTER.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

### No. 239.

BANKRUPTCY (§ 310*)—CLAIMS—TIME FOR PROVING.

A mortgagee, whose mortgage is foreclosed within a year after the mortgagor's bankruptcy, is not entitled to prove his claim for a deficiency after the expiration of such year, having the right to prove it in the first instance as a secured claim, under Bankr. Act July 1, 1898, c. 541, §§ 57a, 57e, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 505; Dec. Dig. § 310.*]

Appeal from the District Court of the United States for the Southern District of New York.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for appellant.

James, Schell & Elkus (Abram I. Elkus, of counsel), for appellee.

Before LACOMBE, WARD and NOYES, Circuit Judges.

---

WARD, Circuit Judge. This is an appeal from an order of the District Court confirming the report of a referee in bankruptcy expunging the claim of Abraham Marks against the individual estate of Arnold Sampter. July 29, 1904, the firm of M. Sampter Son & Co. and the partners composing it, of whom Arnold Sampter was one, were adjudicated bankrupts. Marks, father-in-law of Sampter, was the owner of three mortgages on three lots of land belonging to Sampter to secure the payment of his three bonds, aggregating some $36,000. These mortgages were foreclosed, and judgment of foreclosure and sale entered April 4, 1905. Marks was in Europe from June, 1904, to October, 1905, on account of his health; but the foreclosure of these mortgages was in the hands of competent counsel here.

In the summer of 1907 the sale of other premises mortgaged by Sampter to Marks to secure the repayment of advances made to the firm produced a large surplus, which, his individual creditors being paid in full, will go to the firm creditors. In this state of things Marks filed August 16, 1907, more than two years after the adjudication, his claim against the individual estate of Arnold Sampter for the deficiency resulting in the foreclosure actions above mentioned, amounting to $8,866.36.

Section 57n of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444) provides:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the rights of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

Under sections 57a and 57e, of the bankruptcy act, Marks could have proved his claim, though it was secured, and not liquidated. Besides this, it was liquidated within a year of the adjudication. Service of copies of the complaints in the foreclosure actions on the trustee was not a proof of claim in bankruptcy. There is no ground for holding, assuming the power to do so, that the peremptory requirements of section 57n should be disregarded.

Order affirmed.