## HOOD RUBBER CO. v. ATLANTIC MUT. INS. CO.

(Circuit Court of Appeals, Second Circuit.   May 19, 1909.)

### No. 284.

INSURANCE (§ 472*)—MARINE INSURANCE— CONSTRUCTION OF POLICY.

An open policy of marine insurance on goods to be shipped from time to time by plaintiff by rail and lake contained a marginal clause providing that "this insurance is not to cover more than $100,000 by any one steamer or in any one place at one time." *Held*, that such clause did not relate to the amount of the loss, but of the insurance, and that where goods, although comprising different shipments, were assembled on one steamer to the value of $349,000, the policy was one for $100,000 on the whole, and

the insurer was liable for $100/_{349}$ of a loss occurring, not exceeding $100,000.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 472.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 161 Fed. 788.

Wing, Putnam & Burlingham (James L. Putnam and Harrington Putnam, of counsel), for plaintiff in error.

Carter, Ledyard & Milburn (John G. Milburn and Walter F. Taylor, of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The plaintiff had a running policy with the defendant on goods from Boston by rail and water to lake ports, valued at net invoice and 20 per cent. added, sum insured $1,000,000. On the margin was written:

"This insurance is not to cover more than $100,000 by any one steamer or in any one place at one time."

The plaintiff's shipments were never over the value of $12,500, but the rail carriers bunched its shipments to a value of $349,426.70 on the lake steamer F. H. Prince, which during the voyage sustained damage in the sum of $85,996.70.

The defendant, contending that its insurance was to be treated as $100,000 on goods valued at $349,426.70, paid in accordance with the rules of marine insurance $100/_{349}$ of the loss and of the expense in general average and under the sue and labor clause. The plaintiff brings this suit to recover the difference between the sum so paid and $100,000, on the ground that the purpose of the marginal clause was to limit the amount of loss payable by the defendant to $100,000.

The plaintiff contends that, as each shipment under the policy constitutes a distinct insurance, the marginal clause must be read as applying to each shipment. We do not concur in this view, but think, on the contrary, that the clause was intended to apply to the goods on any one vessel or in any one place, without reference to the time of the original shipment.

It is said that the clause may be read either as limiting the amount of insurance on the goods or as limiting the amount of loss payable, and that the latter construction being most favorable to the assured should be adopted. The judge of the Circuit Court held that the clause meant that the policy attached only to the extent of $100,000 on all goods on one steamer or in one place, and that for their value over that sum the plaintiff was a co-insurer.' We think this conclusion right. "This insurance" means this policy of insurance. "Is not to cover more than $100,000" means, though for $1,000,000, it is to be treated as only for $100,000 upon goods in any one steamer or in any one place. No authorities are cited which are of any assistance.

The whole case turns upon the construction of the marginal clause; and, as we agree with the judge of the Circuit Court, the decree is affirmed, with costs.