In re JOHN A. BAKER NOTION CO.

Ex parte TALCOTT.

(District Court, S. D. New York. July 25, 1910.)

1. BANKRUPTCY (§ 311*)—INVALIDATION OF PREFERENCE—PAYMENT—RIGHT TO FILE CLAIM.

A preferred creditor of a bankrupt, after the bankruptcy court has declared void the preferential payments received by him, may file a claim in such court for the amount thereof, without having the validity of the preference determined in another tribunal.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 497–500; Dec. Dig. § 311.*]

2. BANKRUPTCY (§ 342½*)—REFUSAL TO ACCEPT PROOF OF CLAIM—REMEDY OF CREDITOR—PROCEDURE.

Act of a referee in bankruptcy in refusing to accept a claim is not a judicial act, requiring an order and petition of review; but the creditor may move to compel him to accept proof thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. § 342½.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of John A. Baker Notion Company, bankrupt. On motion by James Talcott to compel the referee to accept proof of claim. Referee ordered to file claim.

This is a motion on behalf of Talcott to compel the referee in bankruptcy to accept a proof of claim tendered by him on June 24, 1910, and refused acceptance by the referee. The bankrupt was adjudicated on January 9, 1903, upon petition filed December 16, 1902. On December 15, 1902, Talcott seized all of the assets of the bankrupt under the claim of a factor's lien for advances which arose under contract more than four months prior to December 15, 1902. A trustee was appointed in April, 1903, and instituted a suit in equity in the District Court against Talcott on April 20, 1904, to declare void Talcott's lien as a voidable preference under the bankruptcy act, and to compel him to deliver to the estate all the property that he had seized, or to account for its value. A final decree was entered in that suit May 17, 1910, in favor of the trustee, declaring Talcott's lien void, and directing him to make payment in the sum of over $24,000. Talcott appealed from the decree.

The proof of claim in question is a voluminous document, which contains annexed to it the original contract between the bankrupt and Talcott, and which sets forth in great detail all the proceedings, and asks that, if his lien be validated upon appeal, his claim may be allowed to the extent of any deficiency, and, if the decree be affirmed, it may be allowed for its full amount. The trustee, as preliminary objections, raises the question that the procedure was improper, in that only a petition of review lay from the decision of the referee, that the claim itself was improper in form, and that in any event the time had expired within which Talcott had a right to file any claim under section 57n. No order was entered by the referee upon refusal to accept the claim, and the petition for this motion was made more than 10 days after the objection. A rule in the Southern district of New York requires petitions for the review of a referee's order to be made within 10 days after entry of the order.

George W. Schurman, for claimant.
Frederick M. Czaki, for trustee.

HAND, District Judge (after stating the facts as above). Under Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, the Supreme Court finally decided that the surrender requisite to enable a preferred creditor to prove his claim might be after the termination of a judgment in a suit between himself and the trustee. It is true that in that case the determination was in a suit in the state court; but in Re Oppenheimer (D. C.) 140 Fed. 51, Judge Reed decided that the creditor might file a claim in bankruptcy, and be allowed the full amount, after the bankruptcy court itself had declared void certain preferential payments which he had previously received. This was the English law as quoted by Mr. Justice White in Keppel v. Tiffin Savings Bank, supra, and unless it be the law under the present act, the result, after Keppel v. Tiffin Savings Bank, supra, will be to make it necessary for a creditor, claiming a disputed preference, to fight out its validity in some other tribunal than the bankruptcy court, which would be a most undesirable conclusion. In my judgment, therefore, a claimant need not avoid the bankruptcy court to get advantage of the rule in Keppel v. Tiffin Savings Bank, supra.

Therefore the trustee here argues, with much force, that there is no reason why such a creditor should not prove his claim at once within the year, and wait for the allowance of his dividends till the deter-

mination of the litigation upon which depends the validity of his pref-
erence, whether that litigation be in the bankruptcy court or out of it.
The trustee further says that such a creditor is in precisely the same
position as a secured creditor, who, if he delays filing his claim until
after the year, because the security is being liquidated, loses all right
to file it at all. In re Sampter, 170 Fed. 938, 96 C. C. A. 98. I con-
fess that this would be my ruling, were I free to decide the question,
because it seems to me that, after Keppel v. Tiffin Savings Bank, su-
pra, a creditor having a questionable preference or security is precisely
like any other secured creditor, except that the validity of the security
must be determined before his dividends can be finally allowed. In
short, it makes no difference whether his security is voidable under the
bankruptcy act or by the local law. In either case he may prove for
the whole claim, and get dividends upon so much as shall in the end
prove to be in fact unsecured. The limitation of section 57n would
therefore apply to such a claim. I should therefore regard myself as
bound by In re Sampter, supra, rather than by Powell v. Leavitt, 150
Fed. 89, 80 C. C. A. 43, in the First circuit, and should deny this
application.

Moreover, the question was in no sense up in Keppel v. Tiffin Sav-
ings Bank, supra, whether the claim could be proved after more than
a year from the adjudication. However, it was up in Page v. Rogers,
211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332, and the Supreme Court
sua sponte reversed the decree below for the sole purpose of permit-
ting the claim to be proved. That, of course, settles beyond perad-
venture any doubts that may be raised as to the authority of Powell v.
Leavitt, supra; and whatever effect, if any, it has on In re Sampter,
supra, I need not here decide. Nor is it of consequence whether it
depends upon the singularly blind language of the second sentence of
section 57n. Upon the merits of this application, Talcott must there-
fore succeed, and the sole question remaining is whether the formal
objections raised by the trustee are valid.

First, as to the procedure adopted. The referee has refused to ac-
cept the claim at all, and I agree with Talcott that this was not a judi-
cial act, requiring an order and a petition of review. Indeed, the
claim might under the general orders have been filed with the clerk,
in which case no review would have been admissible, and this would
have been the only procedure possible. Of course, it by no means
follows that an act is judicial because it requires some consideration
of the meaning of a law. Indeed, all acts prescribed by law require
its interpretation. Here, no doubt, the referee might have taken the
claim and upon objection considered and determined upon it. He
very wisely took the other course, so saving much time by raising the
question directly. The practice here adopted is that followed in Re
Strobel (D. C.) 163 Fed. 787, and it is the only practice that could be
followed under the circumstances.

As to the conformity of the claim in form with the general orders
and its validity in substance, I can have no concern here. They will be
matters upon which the referee must pass judicially when he comes to
allow it. I might say, however, that as there has been a judgment

against Talcott it would seem that he might safely stand upon the claim for full dividends, and if he obtains a reversal in the Circuit Court of Appeals credit upon the claim such amounts as his security, when so validated, has in fact brought him.

Let an order pass directing the referee to file the claim as of the date of its presentation.