MOORE et al. v. SIMMS.

(Circuit Court of Appeals, Sixth Circuit. November 12, 1918.)

No. 3174.

1. BANKRUPTCY ⟨⟩=328—PROOF OF CLAIMS—TIME.

Under Bankruptcy Act, § 57n (Comp. St. § 9641), claims shall not be proved subsequent to one year after adjudication in bankruptcy, except where claims are liquidated by litigation and final judgment is rendered within 30 days before or after expiration of the time, when they may be proved, if filed within 60 days after rendition of the judgment.

2. BANKRUPTCY ⟨⟩=328—TIME FOR FILING CLAIMS—"LIQUIDATION BY LITIGATION."

Claim sought to be proved against a bankrupt's estate by his coguarantors, who with him agreed to pay to banks all money advanced for a certain company, held not "liquidated by litigation," within Bankruptcy Act, § 57n (Comp. St. § 9641), extending the time for filing of claims so liquidated; the bankrupt not having been a party to suits by a bank.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated by Litigation.]

3. BANKRUPTCY ⟨⟩=331—PROOF OF CLAIM BY COGUARANTORS—STATUTE.

Where a bank had the right to prove its claim against a bankrupt, who had signed a guaranty of repayment to it of moneys advanced to a company, the bankrupt's coguarantors had the right, under Bankruptcy Act, § 57i (Comp. St. § 9641), to prove the bank's claim in case the latter failed to do so, and whether the indebtedness was then due or not.

Appeal from the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In Bankruptcy. Petitions by Thomas Moore and others for permission to file and prove claims against the bankrupt estate of R. H. Edelen, opposed by Ben F. Simms, trustee, etc. From judgment the claims were not provable (248 Fed. 580), petitioners appeal. Affirmed.

Augustus E. Willson, of Louisville, Ky., for appellants.

J. V. Norman and John S. McElroy, both of Louisville, Ky., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. This is an appeal from a judgment of the District Court. The question for decision is whether the petitioners should have been permitted to file and prove their claims against the bankrupt estate of R. H. Edelen. The court below adjudged that the claims were not provable, since they were not filed with the trustee within the time prescribed by section 57n, Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 560 [Comp. St. § 9641]).

The material facts are undisputed, and are in substance as follows: The claimants and the bankrupt on March 7, 1912, by a written instrument guaranteed and agreed to pay to certain banks all sums of money advanced by the banks to or paid by them for Distillers' Cooperage Company. Each of the signers of the agreement was bound for the whole amount of the indebtedness incurred by virtue of said written

instrument, but the signers thereof, as between themselves, were liable only in proportion to the amount of stock held by them respectively in the Distillers Cooperage Company. By virtue of this instrument, on September 11, 1912, four notes were executed by L. B. Samuels, treasurer of said Cooperage Company, to the People's Bank of Bardstown, aggregating $15,000. On April 5, 1915, Edelen was adjudicated a bankrupt. On October 21, 1917, suits were brought on these notes by the bank in the Nelson circuit court of the state of Kentucky, against the signers of the instrument referred to, except the bankrupt, Edelen, and judgments rendered thereon, amounting to $16,118.05. These judgments have been paid by claimants. On November 12, 1917, more than 2½ years after adjudication, petitioners filed their claims against the bankrupt estate for 31.6 per cent. of the total claims. The trustee filed two objections to the allowance of the claims, one of which was decided adversely to him, and need not be further noticed. The other was that—

"No one proved or attempted to prove any part of the claim now asserted against the estate within one year of the date of adjudication; no steps were taken by claimants or any one else within one year of the date of adjudication to liquidate any part of the claims asserted; and claimants are barred by section 57n of the Bankruptcy Act of 1898 from proving said claims or any part thereof."

[1] The general rule is that claims shall not be proven subsequent to one year after adjudication in bankruptcy. There is an exception which provides that where claims are "liquidated by litigation," and final judgment therein is rendered within 30 days before or after the expiration of such time, then they may be proven, if filed within 60 days after the rendition of such judgment; section 57n, Bankruptcy Act 1898.

[2] Since the time extension relates to claims "liquidated by litigation," the primary question presented is whether the claims under consideration were so "liquidated" in so far as they relate to Edelen.

The litigation in the Nelson circuit court was a suit by the owner of the notes, on which judgments were based, against the claimants in this proceeding. The bankrupt, Edelen, was not a party thereto, nor were the judgments in those cases rendered against him. Until that litigation was ended by the judgments against claimants, and they had paid off the same in whole or in part, they had no claim against Edelen arising out of their obligation to the bank and their relations to each other. It is insisted that there is a real debt due and owing by the bankrupt, Edelen, to claimants under the instrument in question. That may or may not be true. There appears no obstacle to Edelen requiring such claim to be "liquidated by litigation." It does not appear that his liability under the instrument has been admitted by him, nor has it been "liquidated by litigation." If it is a claim which has not been "liquidated by litigation," clearly it could not be proven, if presented after expiration of one year from adjudication. If the litigation in the Nelson circuit court, to which Edelen was not a party, did not bind him, that is, did not estop him from litigating either his liability to the bank, or from litigating with his co-obligors his liability to contribute,

then in what sense can it be said that the claims now presented have been "liquidated by litigation" as to Edelen, within the meaning of section 57n? If claimants had obtained a judgment against Edelen for his share of their joint liability in a suit begun before bankruptcy, and had filed that as a provable claim against the bankrupt estate, another and different question would have been presented. That has not been done. If any effort has been made by claimants to "liquidate by litigation" with Edelen the claim now presented, other than filing their claims in this proceeding, this record does not disclose it.

[3] It does not result from this conclusion that claimants were without an adequate remedy for their protection, except by invoking the provision for liquidating by litigation. Claimants and the bankrupt were, as between themselves and the bank, not merely sureties for the corporation, nor, as between themselves and the bank, were they accommodation indorsers, although as between themselves and the corporation they might be mere sureties or indorsers. They signed the agreement by reason of their interest in the corporation. In that agreement neither the word "surety" nor the word "indorser" is found. The signers agree not merely "to be responsible for and guarantee the payment of all" moneys advanced to or paid for the corporation by the bank, but that they would "guarantee and pay to said bank all notes, bills, or other demands executed" to the bank by or in the name of the corporation through its treasurer, "as fully and to have the same effect as if we were personally present and signed each and every note," etc. The bank had thus the right to prove its claim against the bankrupt, and claimants had the right, under section 57i of the act, to prove the bank's claim in case the latter failed to do so, and whether the indebtedness was then due or not. This being so, it is unnecessary to consider what the rights and remedies of claimants might have been had claimants and the bankrupt been, as between themselves and the bank, merely sureties or indorsers for the corporation.

Entertaining these views, we do not deem it necessary to construe the clause "within thirty days before or after the expiration of that time," found in section 57n.

Our conclusion is that the litigation in the case of the bank and others against claimants in the Nelson circuit court was not a "liquidation by litigation" of the claims now presented by claimants against the bankrupt estate of Edelen, within the meaning of section 57n of the Bankruptcy Act.

In so far as it may be thought that Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332, Powell v. Leavitt, 150 Fed. 89, 80 C. C. A. 43, and other cases cited by appellants, are contra to the conclusion reached, we find nothing to support such contention. The facts there involved are materially different from the facts here, and the present case is clearly distinguished.

Affirmed, with costs.