## In re SOUTHERN PHARMACEUTICAL CO.

### Petition of ALEXANDER et al.

(District Court, E. D. Tennessee, S. D.   July 20, 1921.)

No. 2276.

1. **Bankruptcy ☞328—Provision for proof of claims after one year applies only to those liquidated by litigation.**

The provision of Bankruptcy Act, § 57n (Comp. St. § 9641), for proof of claims after the expiration of one year after adjudication, relate only to unliquidated claims which have been liquidated by litigation.

2. **Bankruptcy ☞328—Liquidated claim not rendered unliquidated by trustee's defense.**

A claim against a bankrupt, which is liquidated, because represented by a note, does not become unliquidated, so as to extend the time within which it may be proved, because the trustee in bankruptcy defends against it, either in whole or in part, on the ground of usury.

3. **Bankruptcy ☞293(1)—Jurisdiction of bankruptcy court to allow or reject claims is exclusive.**

The jurisdiction of the bankruptcy court to determine all matters as to the allowance or rejection of claims against the estate is an exclusive one, which cannot be surrendered to any other court.

4. **Bankruptcy ☞320—Notes secured by pledge of collateral are unliquidated.**

A claim on notes given by a bankrupt and secured by a pledge of collateral is unliquidated, until, by sale of the collateral, the amount is ascertained for which the estate is liable in excess of the security.

5. **Bankruptcy ☞214—Security may be enforced by creditor outside of bankruptcy court.**

The claim of a secured creditor is only allowable in bankruptcy proceedings prior to the determination of the value of his security to enable him to participate in creditors' meetings for such sum as the court deems to be owing above the value of the security under Bankruptcy Act, § 57e (Comp. St. § 9641), and the secured creditor, unless restrained by order of the bankruptcy court, may enforce his security outside of that court.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Bankruptcy ⊱214—State court has jurisdiction to liquidate claims by enforcing security.**

The exclusive jurisdiction of the bankruptcy court over the allowance and rejection of claims does not deprive a state court of jurisdiction in liquidating proceedings to enforce the creditors' security, as by a mortgage foreclosure, since the property in the trustee's hands is subject to pre-existing liens.

**7. Bankruptcy ⊱327(2)—Provision for liquidation in bankruptcy court is only permissive.**

The provision of Bankruptcy Act, § 63 (Comp. St. § 9647), that unliquidated claims may be liquidated in such manner as the bankruptcy court may direct, and may thereafter be proved and allowed against his estate, is permissive merely, and not restrictive, and does not deprive a secured creditor of his right to liquidate his claim by litigation outside of the bankruptcy court, or qualify the broad provision of section 57n (Comp. St. § 9641) in reference to the proving of claims liquidated by litigation.

**8. Bankruptcy ⊱327(2)—Liquidation in bankruptcy court does not apply to secured claims.**

The provision of Bankruptcy Act, § 63b (Comp. St. § 9647) relating to unliquidated claims included in section 63a, such as claims for damages arising out of breach of contracts, has no application where the unliquidated nature of the claim depends merely on the fact that it is secured, and the holder is entitled to liquidate his security by proceedings in another court.

**9. Bankruptcy ⊱328—Judgment of other court liquidating claim need not be rendered within 1 year and 30 days after adjudication.**

Bankruptcy Act, § 57n (Comp. St. § 9641), providing that, if claims are liquidated by litigation and the final judgment therein is rendered within 30 days before or after one year after the adjudication, they shall be proved within 60 days after the rendition of the judgment, should be construed as if a comma were inserted between the words "before" and "or," so as to permit the judgment to be rendered within 30 days before the expiration of the period, or at any time after the expiration of the period, since otherwise the creditor could be prevented from exercising his right to liquidate his claim in another court merely by delaying the proceedings.

**10. Bankruptcy ⊱328—Claims liquidated in state court must be proved within 60 days after judgment.**

The construction of Bankruptcy Act, § 57n (Comp. St. § 9641), as permitting proof of claims which have been liquidated at any time after the expiration of one year from the adjudication, does not nullify the provision requiring proof of such claims within 60 days after the rendition of the judgment but that requirement applies in full force, regardless of when the judgment is rendered.

In Bankruptcy. On petition of H. B. Alexander and others to review an order of the refereee disallowing their claim on notes of the bankrupt. Order reversed and proof of claim returned to referee for further proceedings.

In April, 1917, the Southern Pharmaceutical Co., for the purpose of raising money, executed two notes for $10,000.00 each, secured by the pledge of collateral stock, and endorsed by its individual stockholders. These notes were negotiated and became the property of the petitioners. In August, 1917, the Pharmaceutical Co. filed its voluntary petition in bankruptcy and was adjudicated bankrupt. Shortly thereafter the petitioners filed their bill in the Chancery Court of Hamilton County, Tennessee, against the trustee in bankruptcy of the Pharmaceutical Co. and individual endorsers on the notes, praying a decree against the endorsers for the amount due on the notes, with interest and attorneys' fees, and for sale of the collateral stock. The trustee

⊱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in bankruptcy filed an answer and cross bill denying that the notes were valid obligations of the Pharmaceutical Co., and praying a decree for alleged usurious payments and for the surrender of the collateral stock. Upon the hearing the Chancery Court entered a decree reducing the amount of the petitioners' claim on account of usury, and directing a sale of the collateral stock in satisfaction of the remainder thereof. On appeal to the Supreme Court of Tennessee this decree was affirmed, and the cause remanded to the Chancery Court for further proceedings. The collateral stock was then sold under the decree of the Chancery Court, for the sum of $14,000.00, which was, by final decree of the Chancery Court, applied in reduction of the amount due the petitioners on the notes. Thereupon, in March, 1920, within five days after the final decree of the Chancery Court, the petitioners filed in the bankruptcy cause their proof of claim upon the balance remaining due upon the notes. The trustee in bankruptcy filed an objection to the allowance of this claim upon the grounds, among others, that the proceeding in the Chancery Court had been taken without application to or the consent of the bankruptcy court and was not a liquidation of the petitioners' claims by litigation within the meaning of the Bankruptcy Act (Comp. St. §§ 9585–9656), and because the petitioners' claims had not been proven within one year after the adjudication in bankruptcy. The referee sustained the objection and made an order disallowing the petitioners' claim; and they have filed a petition to review this order.

Floyd Estill, of Chattanooga, Tenn., for petitioners.

Lusk & Thompson, of Chattanooga, Tenn., for trustee.

SANFORD, District Judge. [1] 1. If the bankrupt's notes on which the petitioners' claim is based were liquidated claims at the time of the adjudication, their claim thereon should have been disallowed because not proved within one year after the adjudication, as required by section 57n of the Bankruptcy Act (Comp. St. § 9641); the provisions therein for subsequent proof relating only to unliquidated claims which have been liquidated by litigation.

[2, 3] 2. I assume, for present purposes, that the fact that these notes contained provisions for reasonable attorney's fees did not prevent them from being liquidated claims within the meaning of the Act; such fees being determined by the court when allowing the claim. And if they were liquidated claims—that is, claims against the bankrupt estate for definite amounts fixed by agreement of the parties or by operation of law—they were not thereafter converted into unliquidated claims so as to extend the time within which they might be proved, merely because the trustee denied in the chancery court or in the bankruptcy court the liability of the estate thereon, either in whole or in part. If a claim be by note for a definite amount or by an agreed account or for any other definite, fixed sum, this is clearly a liquidated claim. When such liquidated claim is proven in bankruptcy, the trustee may deny the bankrupt's liability thereon in its entirety, as for duress, fraud, or payment; or in part, as for usury or partial payment. The fact that such defense is made, does not, however, change the character of the claim as a liquidated claim; otherwise there could never be any certain liquidated claim. And being a liquidated claim it must be proven within the year. When proven in the bankruptcy court, that court must then determine, under the issues therein made, whether or not it shall be finally allowed, either in whole or in part; the jurisdiction of the bankruptcy court to determine all

matters as to the allowance or rejection of claims being an exclusive one, which cannot be surrendered to any other court. United States Fidelity Co. v. Bray, 225 U. S. 205, 217, 218, 32 Sup. Ct. 620, 56 L. Ed. 1055. In so far, therefore, as the trustee in bankruptcy denied liability on these notes in the chancery suit, in whole or in part, the decree of the chancery court was not a liquidation of the plaintiff's claim within the meaning of section 57n of the Bankruptcy Act; nor did it purport so to be; no decree against the trustee on the notes being either sought or rendered.

[4] 3. These notes were, however, secured by the collateral pledge of stock; and that made them, within the meaning of the Bankruptcy Act, unliquidated claims. In re Sampter (2d Circ.) 170 Fed. 938, 939, 96 C. C. A. 98. In this case it was specifically stated that the claim, though secured, was "not liquidated." 170 Fed. 939, 96 C. C. A. 99. The reasoning upon which the final conclusion is reached is somewhat elliptically stated; but I do not think it was intended to hold, as suggested in Re Baker Notion Co. (D. C.) 180 Fed. 922, 924, that a creditor who delayed filing his claim until after the year, while his security was being liquidated, necessarily lost all right to file it at all, but rather that as the claim "was liquidated within a year of the adjudication" by foreclosure of the mortgage (page 939), it must have been proven within the year under the provisions of section 57n. It appears from the statement of facts that the adjudication was made July 29, 1914, and the judgment of foreclosure and sale entered April 4, 1915, or more than thirty days before the expiration of the year; and the real ground of decision appears to have been that as the final judgment liquidating the security was rendered more than thirty days before the expiration of the year it did not come within the exception contained in section 57n and must have been proven thereunder within the year. This is the effect of the decision as it is construed in 1 Lovel. Bank'cy (4th Ed.) 685, note 5, and Coll. Bank'cy (11th Ed.) 823, note 324.

[5] The claim of a secured creditor is only allowable, prior to the determination of the value of his security, to enable him to participate in creditors' meetings for such sum as to the court seems to be owing over and above the value of the security. Bankruptcy Act, § 57e. The secured creditor, however, unless restrained by order of the bankruptcy court, may enforce his security dehors the court. Ward v. Bank of Ironton (6th Circ.) 202 Fed. 609, 612, 120 C. C. A. 655; In re Goldsmith (D. C.) 118 Fed. 763, 767; In re North Star Ice Co. (D. C. E. D. Tenn.) 252 Fed. 301, 303; Coll. Bank'cy (11th Ed.) 1050, 1051. This being so, and the determination of the amount realizable from the security necessarily involving a determination of the amount for which the claim may be finally allowed in the bankruptcy court, that is, the liquidation of the security being pro tanto a liquidation of the claim, a proceeding by a secured creditor to enforce his security, either in the bankruptcy court itself or in another court, as by foreclosure of a mortgage, thereby determining the net amount of his claim allowable in the bankruptcy court, is a liquidation of his claim by litigation within the meaning of section 57n of the

Act. Powell v. Leavitt (1st Circ.) 150 Fed. 89, 91, 80 C. C. A. 43; In re Sampter (1st Circ.) 170 Fed., supra, at page 939, 96 C. C. A. 98; In re Baird (D. C.) 154 Fed. 215; In re Keyes (D. C.) 160 Fed. 763, 765; In re Strobel (D. C.) 163 Fed. 787; In re Standard Telephone & Electric Co. (D. C.) 186 Fed. 586, 591; In re Salvator Brewing Co. (D. C.) 188 Fed. 522. And see Keppel v. Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, in which it was held that a creditor who had been compelled, in a suit by the trustee in bankruptcy in a State court, to surrender a preferential mortgage security, might, under section 57g of the Bankruptcy Act then prove in the bankruptcy court the debt thus voidably preferred; this case being cited with approval in Page v. Rogers, 211 U. S. 575, 581, 29 Sup. Ct. 159, 53 L. Ed. 332, and followed in Re Lange Co. (D. C.) 170 Fed. 114, 115, also, by analogy, in Re Clark (D. C.) 176 Fed. 955, in which, at the suit of the trustee, the creditors' mortgage had been set aside as executed in fraud of creditors.

[6] 4. The fact that, as above stated, the allowance and rejection of claims against the bankruptcy estate is a matter exclusively within the jurisdiction of the bankruptcy court does not deprive a State court of jurisdiction in liquidating proceedings to enforce the creditors' security, as by a mortgage foreclosure. This is so, because, as pointed out in Re North Star Ice Co. (D. C.) 252 Fed., supra, at page 303, the trustee in bankruptcy being vested only with the bankrupt's title to property and the validity of pre-existing liens not being affected, where the property is subject to a mortgage or other encumbrance, the trustee takes title only to the bankrupt's equity in the property, subject to such encumbrance. And in Powell v. Leavitt (1st Circ.) 150 Fed., supra, and Re Keyes (D. C.) 160 Fed., supra, the creditors' suit to enforce his security was brought in a State court; also, apparently, in Re Sampter (2d Circ.) 170 Fed., supra, and Re Baird (D. C.) 154 Fed., supra.

[7] 5. The right of a secured creditor to liquidate his claim by proceedings to enforce the security, is not limited by the provision of section 63 of the Bankruptcy Act (Comp. St. § 9647) that "unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against the estate." This is not, in my opinion, a qualification of the broad provision of section 57n, in reference to the proving of claims liquidated by litigation, and is not restrictive, but permissive merely; affording the holder of an unliquidated claim a method by which, instead of waiting to prove his claim after it has been liquidated, he may at once file it in the bankruptcy court and apply for direction as to its liquidation; thereby giving notice to the bankruptcy court of the pendency of his claim and enabling that court to make provision for withholding from distribution a sufficient amount of the assets to meet such claim when finally liquidated. Otherwise at the end of the litigation liquidating the claim, the estate might have been fully distributed.

The contrary view, that section 57n only applies in favor of unliquidated claims which are liquidated pursuant to the direction of the

Bankruptcy Act under section 63b, is supported by the decisions or dicta in Re Silverman (D. C.) 101 Fed. 219, 223; Re Heim Milk Co. (D. C.) 183 Fed. 787, 788, and Re Edelen (D. C.) 248 Fed. 580, 585. The Edelen Case was not, however, affirmed by the Circuit Court of Appeals on this ground. Moore v. Simms (6th Circ.) 257 Fed. 540, 168 C. C. A. 524. And the statement in Dunbar v. Dunbar, 190 U. S. 340, 350, 23 Sup. Ct. 757, 47 L. Ed. 1084, is merely that section 63a "permits" an unliquidated claim to be liquidated as the court shall direct; not that it so requires.

[8] But whatever may be the correct construction of section 63b as applied to certain classes of unliquidated claims included in section 63a, such as claims for damages arising out of breach of contracts, express or implied, I am of opinion that it clearly has no application where the unliquidated nature of the claim depends merely upon the fact that it is secured, and the holder is entitled, under the authorities hereinabove cited, to liquidate his security by proceedings in another court. In this connection, it should be noted, that it does not appear that in any of the cases cited in section 4 hereinabove in which the claim was liquidated by litigation in a State court there had been any previous application to the bankruptcy court for leave to liquidate the claim by such proceeding; and these cases, so far at least as relates to the liquidation of a secured claim by enforcement of the security, are, by necessary implication, in conflict with the doctrine of the Edelen Case, and in accordance with the opinion hereinabove expressed.

6. I hence conclude that the petitioners' claim was properly liquidated by litigation in the proceedings in the chancery court, in so far as it was sought in said proceeding to enforce the security of the stock pledged as collateral thereto. This litigation was commenced within one year after the adjudication; final decree enforcing the collateral security and fixing its value rendered more than two years after the adjudication; and the petitioners' proof of claim filed in the bankruptcy court within five days after the rendition of this final decree.

[9] 7. Section 57n of the Bankruptcy Act provides that if claims "are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time" (one year after the adjudication), they shall be proved "within sixty days after the rendition of such judgment." The words "within thirty days," as therein used, qualify, in my opinion, merely the next succeeding word "before," and not the subsequent phrase "after the expiration of such time"; as if there were a comma between the words "before" and "or," and the clause relating to the final judgment read, "and the final judgment therein is rendered within thirty days before, or after the expiration of," the one-year period. See 1 Lovel. Bank'cy (4th Ed.) § 332, p. 684, in which such comma is inserted. That is, this clause is to be interpreted as if it read: "If the final judgment therein is rendered within thirty days before the expiration of such time, or at any time thereafter." Powell v. Leavitt (1st Circ.) 150 Fed., supra, at page 91, 80 C. C. A. at page 45. Otherwise a claim liquidated by litigation could never be proved more than a year after

the adjudication, unless the judgment were rendered within a limited period of sixty days commencing thirty days before the expiration of the year and terminating thirty days thereafter. The creditor's right to prove his claim in liquidation would therefore be defeated by dilatory pleadings, delaying the hearing, or by delay of the court in rendering its decision, or, since the word "judgment" means "final judgment," merely by the taking of an appeal or writ of error delaying final judgment in the appellate court until more than one year and thirty days after the adjudication. The result is that, under the reasonable and just construction of this section, if litigation be instituted within one year after the adjudication to liquidate an unliquidated claim, and final judgment be rendered therein within thirty days before the expiration of the year or at any time thereafter, such claim may, after such liquidation, be proven at any time within sixty days after the rendition of such final judgment. Powell v. Leavitt (1st Circ.) 150 Fed., supra, at page 90, 80 C. C. A. 43; In re Baird (D. C.) 154 Fed., supra; In re Landis (D. C.) 156 Fed. 318, 319; In re Keyes (D. C.) 160 Fed., supra, at page 764; In re Peck (D. C.) 161 Fed. 762, at page 764; Re Strobel (D. C.) 163 Fed., supra, at page 790; In re Clark (D. C.) 176 Fed. 955, 960; In re Standard Telephone Co. (D. C.) 186 Fed. 586, 592; In re Salvator Brewing Co. (D. C.) 188 Fed., supra, at page 524; 1 Lovel. Bank'cy (4th Ed.) 684. And see Hutchinson v. Otis (1st. Circ.) 115 Fed. 937, 942, 53 C. C. A. 419.

[10] And while it was held to the contrary in Re Edelen (D. C.) 248 Fed., supra, at page 583, this case was not affirmed by the Circuit Court of Appeals on that ground. Moore v. Simms (6th Circ.) 257 Fed., supra. Nor can I agree in the suggestion in the Edelen Case that the effect of the decision in Powell v. Leavitt is to expunge altogether from the Act the words "then within sixty days after the rendition of the judgment"; these words, as I construe it, be: g left in full force and effect, and requiring the claim, if liquidated by judgment rendered within thirty days before the expiration of the year, or at any time thereafter, to be then proven within sixty days after such judgment is rendered.

8. It results that as the petitioners' claim on the notes was liquidated, so far as related to the enforcement of the collateral security therefor, by litigation commenced in the chancery court within one year after the adjudication and terminated by final decree rendered within less than sixty days before the petitioners filed their proof of claim, the referee was in error in disallowing and expunging the proof of claim.

9. Accordingly, without determining the question of the amount for which the claim should be allowed, either as to the matter of interest or otherwise—matters which are not now properly before me—a decree will be entered overruling the order of the referee and returning the proof of claim to him for further proceedings in regard thereto, not inconsistent with this opinion.