## In re AVERBACH.
### No. 13252.

District Court, W. D. New York.
June 26, 1931.

Frederick Wiedman, of Rochester, N. Y., for claimant.

Isaac Adler, of Rochester, N. Y., for trustee in bankruptcy.

ADLER, District Judge.

The referee in bankruptcy denied the petition of the claimant for leave to file its claim. The adjudication in bankruptcy in this case was on January 27, 1928. The bankrupt had title to a building, and prior to the filing of the petition in bankruptcy, the claimant filed a mechanics' lien against him for material furnished for bankrupt's build-

ing. On February 24, 1928, an action was begun in the Supreme Court, Monroe County, by one Charles Bird against the bankrupt and the trustee in bankruptcy to foreclose two mortgages upon his property. The claimant was made a defendant in that action and filed an answer alleging that plaintiff's mortgages were usurious and void. The action was tried, the mortgages were declared valid, and a judgment of foreclosure and sale was entered in the Supreme Court on March 20, 1929, a little more than a year after the adjudication. The sale under this judgment did not occur until February 21, 1930. The referee's report of sale was filed on April 12, 1930, and the order confirming the report of sale was entered on October 24, 1930.

The foreclosure and sale resulted in a deficiency judgment of $28,000 in favor of the mortgagee.

Within sixty days after the entry of the order of October 24, 1930, confirming the sale of the property by the referee, the claimant herein petitioned for permission to file his claim on the ground that it was a claim liquidated by litigation, and that therefore it could be filed at any time within sixty days after the final judgment in such liquidation.

▐ The claimant filed his lien prior to the adjudication in bankruptcy and his claim had the status of a secured claim. Under the authorities it may be said to be an unliquidated claim. In re Southern Pharmaceutical Co. (D. C.) 286 F. 148.

▐ The first question to be considered is whether it was liquidated by litigation. The litigation in this matter was the foreclosure of a mortgage on the property of the bankrupt upon which the claimant had its lien. The foreclosure action was started subsequent to the adjudication in bankruptcy. The claimant was a necessary defendant in this action, as were also the other lienors. There were a number of lienors whose claims amounted altogether to more than $13,000 which preceded that of claimant. The claimant set up in its answer the invalidity of the mortgage as did, I presume, the other defendants. The question litigated in the action was whether the mortgage was valid or void. The judgment in the action, which was the judgment of foreclosure and sale entered on March 20, 1929, decreed the validity of the mortgage. The subsequent proceeding in the action determined the amount for which the mortgagee was entitled to enter a deficiency judgment.

▐ In this case it was evident, at the time of the entry of the judgment of foreclosure and sale which decreed the mortgage valid, that the lien of the claimant was of no value. If the mortgage had been declared invalid, it is probable that the claimant's security would have been good. Even then its allowance in bankruptcy does not follow as a necessary consequence. Powell v. Leavitt (C. C. A.) 150 F. 89. Under a recent decision of the United States Supreme Court, Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645, the question of the amount and validity of claimant's lien must be determined in the bankruptcy court.

▐ It is a question here whether the litigation in this case was the kind of litigation that would bring this claim within the provisions of section 57n of the Bankruptcy Law, 11 USCA § 93 (n). The opinion in Powell v. Leavitt, supra, states that the object of the exception is to allow the proof of a claim by a creditor who was engaged in litigation with the bankrupt's estate concerning its liability to him. Collier on Bankruptcy, in discussing the exception, says: "The litigation referred to means litigation between the claimants and the bankrupt." I have found no cases in which a claimant was permitted to prove his claim after the statutory period under this exception that were not cases in which the claimant was litigating his claim directly with the bankrupt's estate. I am of the opinion that the litigation referred to in section 57n, 11 USCA § 93 (n) did not include a litigation in which the claimant's rights were not primarily the subject. It is true that the decision in the mortgage foreclosure here, in which claimant by virtue of its lien was a necessary party, might affect the value of claimant's security; but it had the right to prove its claim in the first instance as a secured claim. In re Sampter (C. C. A.) 170 F. 938. It seems to me that a litigation which does not have as its primary object determining the status of the claimant's claim and security, and which is not a litigation between claimant and the bankrupt's estate, is not a liquidation by litigation within the meaning or intent of the words as used in the Bankruptcy Law.

The trustee in bankruptcy takes the position that even if this is a claim which, through the mortgage foreclosure, was liquidated by litigation, the judgment of foreclosure and sale in the action was the final judgment therein. The judgment of foreclosure and sale was entered on March 20, 1929,

and the claimant did not seek to file his claim until more than a year and a half later. He did, however, petition for the filing of his claim within sixty days after the order confirming the sale, the entry of which order had been long delayed for various reasons.

In Bondy v. Aronson & List Realties, Inc., 227 App. Div. 136, 237 N. Y. S. 444, the New York State Appellate Division, Fourth Department, distinctly held that in a foreclosure action the judgment of foreclosure and sale is the final judgment and is not interlocutory. The opinion cited section 1082 of the New York Civil Practice Act and reviewed Morris v. Morange, 38 N. Y. 172, and a number of other cases. It is urged that under the law of New York State where this mortgage was foreclosed, the judgment of foreclosure and sale is the final judgment in the action. The case of In re Gutchess (D. C.) 31 F.(2d) 609, 610, was decided in the Northern District of New York, subsequent to the case of Bondy v. Aronson & List Realties, Inc., supra. It involved the construction of the meaning of section 57n of the Bankruptcy Act, 11 USCA § 93 (n), and in the opinion written by Judge Cooper, he states that, "The order or judgment confirming the sale was the final judgment, within the meaning of section 57n of the Bankruptcy Law." In that case, in a litigation between a claimant and trustee in bankruptcy, it was clear that the amount of petitioner's liability could not be determined until the sale of the property, and the court there held that the order confirming the sale was the final judgment in that case. I am inclined to agree that the final judgment as meant by the Bankruptcy Law means that judgment or order in the action which finally determines the rights of the parties in the subject-matter of the litigation.

In the instant case, the trustee urges that the judgment of foreclosure and sale, or at latest the sale itself which occurred shortly thereafter, definitely fixed the fact that the security of the claimant herein was of no value, and that as soon as that was determined, the claimant might have sixty days from that date to file its claim. That it was not entitled to count sixty days from the date of the entry of the order of confirmation which after having been erroneously entered was not finally properly entered until more than a year later.

Without passing definitely upon the question of whether the judgment of foreclosure and sale, or the sale itself, or the order con-

firming the sale, is the final judgment in the meaning of the Bankruptcy Law, the order of the referee herein is affirmed.