## In re BOGUE.
### No. 19573.

District Court, W. D. Pennsylvania.
April 7, 1937.

Eaton & Eaton, of Erie, Pa., for J. A. Barney and wife.

Gunnison, Fish, Gifford, & Chapin, of Erie, Pa., for trustee.

SCHOONMAKER, District Judge.

We have for review an order of a referee in bankruptcy allowing a claim against the bankrupt estate to John A. Barney and Eva Barney in the sum of $542.-50.

The facts are these: The adjudication in bankruptcy was made on April 27, 1936. The Barney claim was filed in this court on November 27, 1936. The claim was based on a bond in the sum of $3,000, which was secured by mortgage on bankrupt's real estate. The trustee disclaimed any equity in the mortgaged real estate. On October 5, 1936, the Barneys confessed judgment on the bond accompanying this mortgage in the court of common pleas of Erie county, Pa., and issued a writ of fieri facias on that judgment, pursuant to which the mortgaged real estate was sold at sheriff's sale and bid in by the Barneys for the costs, $224.20. Then the Barneys, on November 27, 1936, filed in this court their proof of claim based on the judgment in the court of common pleas of Erie county for the face of the bond, $3,000, and accrued interest, or a total claim of $3,205.50. The referee heard testimony as to the value of the

real estate purchased by the Barneys at sheriff's sale and valued it at $2,500, and thereupon allowed the Barney claim at $542.50. In so doing, he fell into error, because the claim was clearly barred by section 57n of the Bankruptcy Act, as amended by the Act of May 27, 1926, § 13 (11 U.S.C.A. § 93(n), not having been filed within six months after the adjudication.

The claimants contend that this claim was in time, because it falls within the class of claims liquidated by liquidation within thirty days before the expiration of the six-month limitation period, by reason of the fact that a confessed judgment was entered on the, claimants' bond in the court of common pleas of Erie county. We cannot agree with that contention. In our view, the confession of judgment on the bond was not litigation within the meaning of the statute, because (1) the bankrupt estate was not a party to that suit; and (2) that case did not have, as its primary object, the determination of the status of claimants' claim and security as against the bankrupt's estate.

This view finds support in the following cases: In re Averbach (D.C.) 50 F.(2d) 943, 944; In re Auerbach (D.C.) 53 F.(2d) 482, 485; In re F. & W. Grand Properties Corporation (C.C.A.) 74 F.(2d) 224; In re Gellman (D.C.) 13 F.Supp. 643.

The contrary view is expressed in Re Gutchess (D.C.) 31 F.(2d) 609, 13 A.B.R. (N.S.) 230, but we are unable to agree with the reasoning in that case.

There is no reason why the claimants could not have filed their claim as a secured claim in the first instance. In re Sampter (C.C.A.) 170 F. 938. Indeed, it has been held that a secured creditor who retains his security and makes no claim against the bankrupt estate within the period limited by statute, will be held to have elected to rely on his security. In re Thompson (C.C. A.) 227 F. 981.

The trustee further contends that the mortgage debt was extinguished when the Barneys became the purchasers of the mortgaged property at sheriff's sale. There is no doubt in our mind that under the Pennsylvania law, the mortgage lien itself would merge in the title to the real estate when the mortgagee became the purchaser. Landis v. Robacker, 313 Pa. 271, 169 A. 891; American National Bank of Camden v. Kirk, 317 Pa. 551, 177 A. 801. But we are not clear that that fact of itself would

extinguish the debt itself if there were a deficiency judgment. However, as we view the case, it is not necessary to pass on that question, because the claim is barred by the statute. The order allowing the claim will be set aside and the claim will be disallowed.